NOT DESIGNATED FOR PUBLICATION

No. 116,224

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES ALLEN LEBEUF,
*Appellant*.

MEMORANDUM OPINION

Appeal from Clay District Court; JOHN F. BOSCH, judge. Opinion filed June 2, 2017. Reversed and remanded with directions.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Richard E. James*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., GARDNER, J., and WALKER, S.J.

LEBEN, J.: After James Allen Lebeuf violated his probation numerous times in 18 months, the district court revoked his probation and sent him to prison for 39 months (which was shorter than his original underlying sentence of 57 months). The district court did not award Lebeuf any jail-time credit, and Lebeuf appeals, arguing that he's entitled to 243 days of credit for (1) the time he spent in jail and prison on short, probation-violation sanctions and (2) the time he spent in residential drug-treatment facilities while he was on probation.

The district court denied Lebeuf's request since it had separately given him a sentence reduction when the court revoked probation. But criminal defendants are

1

entitled to jail credit by statute; awarding jail credit isn't optional or discretionary. The district court had no discretion to refuse to award jail-time credit, so we must reverse the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

While serving time in the Clay County jail on an unrelated misdemeanor charge, Lebeuf was a "trustee," which meant he had special privileges and access to different areas of the sheriff's department. See Black's Law Dictionary 1750 (10th ed. 2014). Lebeuf abused these privileges, stealing old electronics and firearms and trading them for methamphetamine.

While trading stolen guns for drugs sounds serious, we note that the guns at issue were four old firearms that had been confiscated from drug dealers back in the 1970s; they had been in the basement of the sheriff's department in a glass display case (along with some old, dried up marijuana) that the deputies used to take to schools for educational presentations. In fact, no one was sure whether the guns actually worked anymore. Nevertheless, based on these actions, Lebeuf pled no contest to trafficking contraband in a correctional facility.

Lebeuf's criminal-history score was C. (The criminal-history categories range from A, the most serious, to I, the least serious.) Based on that score and the severity of his crime (trafficking contraband in a correctional facility is a level 5 nonperson felony), his presumptive sentence was 53 to 60 months in prison. See K.S.A. 2016 Supp. 21-6804(a). (For most Kansas felony offenses, our sentencing guidelines provide three potential sentences—a low number, a middle number, and a high number—that create a sentencing range.)

At sentencing, the district court granted Lebeuf's motion for a dispositional departure—meaning that instead of sending Lebeuf to prison, the district court placed him on probation for 36 months. Lebeuf's underlying sentence was 57 months, so if he violated his probation, the district court could revoke it and impose that 57-month prison sentence. The State appealed the departure sentence, and our court affirmed the district court. *State v. Lebeuf*, No. 112,857, 2015 WL 5613299 (Kan. App. 2015) (unpublished opinion).

Lebeuf's probation term began in September 2014, and over the next 18 months, he repeatedly violated the conditions under which probation had been granted. At the end of 2014, he served 2 days in jail as a sanction after he admitted to using "potpourri" while a resident at an inpatient drug-treatment facility. In April 2015, he served 3 days in jail as a sanction for failing to tell his probation officer about a change in address. In May 2015, he served another 3 days in jail as a sanction for failing to report to his probation officer on two occasions and for using methamphetamine and marijuana. In June 2015, the district court imposed a longer sanction, 120 days in prison, after Lebeuf failed to report to his probation officer, failed to notify his probation officer of a change in address, and did not follow through on his drug-treatment program.

In October 2015, Lebeuf violated his probation a fifth time by failing to report to his probation officer and failing to follow through on his drug-treatment program. The district court, noting the difficulties of methamphetamine addiction, placed Lebeuf back on probation with the condition that he successfully complete an inpatient drug-treatment program. But in January 2016, Lebeuf violated his probation a sixth time when he left the inpatient program without completing it (he claimed that there were more drugs available to him *in* the treatment facility than out of it).

In March 2016, the district court held what turned out to be Lebeuf's final probation-revocation hearing. The court noted that Lebeuf had attended two inpatient-

3

treatment programs and had served three short jail sanctions and a 120-day prison sanction. The court then said: "I do believe, Mr. Lebeuf, that you have tried hard in these 18 months to help—to try to beat your addiction, but it's not working and I don't know what more we can do through probation to help you. I think we've exhausted what there is out there." The district court revoked Lebeuf's probation and imposed a 39-month prison sentence (shorter than Lebeuf's original underlying sentence of 57 months). When Lebeuf's lawyer asked about jail-time credit for the days Lebeuf had been in residential treatment, the district court said that Lebeuf wasn't entitled to jail credit.

Lebeuf then appealed to our court.

ANALYSIS

Lebeuf argues that the district court should have awarded him jail-time credit for the days he spent in jail, prison, and residential treatment while on probation.

The right to jail-time credit comes from statute. See K.S.A. 2016 Supp. 21-6615; *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 (2012). So reviewing Lebeuf's jail-credit claim requires us to interpret statutes, which we do without any required deference to the district court's interpretation. 295 Kan. at 581.

A criminal defendant is entitled to credit for all of the time spent in custody solely for that case. K.S.A. 2016 Supp. 21-6615(a); *State v. Denney*, 278 Kan. 643, 648, 101 P.3d 1257 (2004). Time spent in custody includes time spent in jail or prison as well as time spent in a residential treatment facility while on probation. K.S.A. 2016 Supp. 21-6615; *Hopkins*, 295 Kan. at 581-82. Jail-time credit doesn't reduce a defendant's sentence; it is credit for time already served. See K.S.A. 2016 Supp. 21-6615(c).

4

From a practical perspective, jail-time credit gets accounted for at sentencing, as time served, when the district court calculates the sentence start date by subtracting the jail-credit days from the sentencing date. K.S.A. 2016 Supp. 21-6615. In other words, credit for time served is taken off the beginning of a defendant's sentence (as opposed to the end).

But in this case, the district court didn't award any jail credit. The judge stated at the sentencing hearing that he wasn't awarding any jail credit. In line with that statement, the written sentencing order (called a "journal entry") shows that the sentencing date and the sentence start date are the same—in other words, since no jail credit was awarded, there were no days to subtract from the sentencing date to determine the sentence start date. See K.S.A. 2016 Supp. 21-6615.

The district court said that it wasn't awarding jail credit because it was imposing a 39-month sentence, which was shorter than Lebeuf's original underlying sentence of 57 months. When revoking a defendant's probation, a district court has discretion, among other options, to impose a defendant's underlying sentence "or any lesser sentence." K.S.A. 2016 Supp. 22-3716(c)(1)(E). So here, as the district court recognized, it didn't have to send Lebeuf to prison for 57 months; it could impose a "[t]hirty-nine month *McGill* modification." (*McGill* was the Kansas Supreme Court case that first held that a district court, after revoking probation, had the discretion to impose a sentence shorter than the original underlying sentence. *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 [2001].)

But nothing in *McGill* or in the jail-time-credit statute provide any authority for the district court's position that imposing a shorter prison sentence somehow removes the obligation to award jail credit. The district court cited no caselaw or statute to support this proposition, and the State doesn't provide any authority in its brief on appeal. In short, there's no statute or case that we know of that says that a district court doesn't have to

5

follow K.S.A. 2016 Supp. 21-6615 and award jail credit if it imposes a shorter prison sentence after revoking probation.

The district court *did* have discretion to decide whether to shorten the sentence. And it exercised that discretion by announcing a shorter sentence. Once announced in open court, that sentence was effective (even though the written evidence of it wasn't filed until the following month). See *State v. Phillips*, 289 Kan. 28, 33, 210 P.3d 93 (2009). But the jail-credit statute isn't optional or discretionary—it says that the sentence start date "shall" be calculated to reflect the time the defendant has already spent in jail, prison, or residential treatment. K.S.A. 2016 Supp. 21-6615; see *State v. Babcock*, 226 Kan. 356, 363, 597 P.2d 1117 (1979) ("The legislature has required credit for jail time and no discretion is granted to the court in allowing same."). Jail-time credit isn't a reduction in a defendant's sentence; it is credit for time served. K.S.A. 2016 Supp. 21-6615(c). The district court should have awarded Lebeuf jail credit, and it didn't.

The written journal entry entered later doesn't use jail credit to calculate the sentence start date (as directed by K.S.A. 2016 Supp. 21-6615), but elsewhere it claims to award Lebeuf jail credit. Despite the judge's comments from the bench that it was imposing a "[t]hirty-nine month *McGill* modification," the journal entry instead describes the district court's 39-month sentence as based on a jail-credit award of the 18 months that Lebeuf had been on probation (57 months minus 18 months equals 39 months). It's true that when the district court chooses to impose a shorter sentence when revoking probation, it can consider the time that a defendant spent on probation. See *Babcock*, 226 Kan. at 362-63 (distinguishing discretionary shorter sentence upon probation revocation from mandatory jail credit). But the discretion to impose a shorter sentence isn't the same thing as awarding jail credit. Compare K.S.A. 2016 Supp. 22-3716(c)(1)(E) (discretion to impose lesser sentence) with K.S.A. 2016 Supp. 21-6615 (jail credit "shall" be awarded and isn't a reduction of a sentence). Further, a district court can't award jail credit for time that a defendant wasn't actually in jail, prison, or a residential treatment facility. See *State*

6

*v. Lofton*, 272 Kan. 216, 217-18, 32 P.3d 711 (2001). So it would also have been error for the district court to do what the journal entry claims it did, awarding 544 days (or 18 months) of jail credit. Lebauf claims on appeal that he was entitled to 243 days of jail-time credit, and the State responded that it "does not take issue with the [d]efendant's assertion [that] he should receive a total credit of 243 days."

In short, not only does the journal entry not follow the sentence actually imposed from the bench, it also doesn't accurately reflect Kansas sentencing law. Since sentencing is effective from the bench, we accept the district court's statements at sentencing—that it wasn't awarding jail credit—and read the journal entry as incorrectly recording Lebeuf's sentence. See *State v. Tafoya*, 304 Kan. 663, 666-67, 372 P.3d 1247 (2016); see also K.S.A. 22-3504(2) (providing for correction of clerical errors in journal entries); *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012) (journal entry that imposes a sentence at variance with the sentence pronounced from the bench is erroneous and must be corrected).

And based on the sentence from the bench, the district court didn't award jail credit even though it should have. See K.S.A. 2016 Supp. 21-6615. As we've noted, both Lebeuf and the State agree that he's entitled to 243 days of jail credit (though the State supported the district court's view that it had somehow been awarded in the sentence reduction). Despite its other errors, the journal entry likewise confirms this number, listing the 199 days Lebeuf was in jail or prison and the 44 days he spent in residential treatment (199 plus 44 equals 243).

The State argues briefly that if Lebeuf's jail-credit argument succeeds, then his sentence is actually illegal. But as we've already outlined, the district court had discretion to impose a shorter prison sentence after revoking Lebeuf's probation—there's nothing illegal about that. See K.S.A. 2016 Supp. 22-3716(c)(1)(E); *McGill*, 271 Kan. at 154. The district court's only error was refusing to award jail credit, which doesn't make his

sentence illegal. See *Lofton*, 272 Kan. 216, Syl. ¶ 1 ("A claim that the amount of jail time credited to a sentence was improperly computed does not constitute a claim that the sentence itself was illegal within the purview of K.S.A. 22-3504[1]."); *State v. Smith*, No. 113,828, 2016 WL 2609643, at *3 (Kan. App. 2016) (unpublished opinion) (jail-credit issue does not constitute an illegal sentence), *petition for rev. filed* June 2, 2016.

We reverse the district court's judgment and remand the case with directions to enter a new journal entry showing both the sentence reduction to 39 months and the award of an additional 243 days of jail-time credit.