No. 100,464

STATE OF KANSAS, *Appellee*, v. GABRIEL NAMBO, JR., *Appellant*.

(281 P.3d 525)

Opinion filed August 3, 2012.

*Ryan Eddinger*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Matt J. Maloney*, assistant district attorney, argued the cause, and *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: Gabriel Nambo, Jr., pled guilty to aggravated robbery after he and two other individuals participated in the armed seizure of one vehicle and the attempted armed seizure of another vehicle. He now contends that the district court and Court of Appeals erred in requiring him to register under the Kansas Offender Registration Act (KORA) because the definition of an "offender" under K.S.A. 22-4902(a)(7) does not include unarmed accomplices such as himself.

We disagree and affirm the district court and the Court of Appeals on this issue of first impression.

FACTS

The essential facts are straightforward. On August 11, 2007, Nambo, Daniel Nambo, and Jose Vasquez pulled their Ford Explorer in front of Herman Gallegos' Blazer and jumped out. Vasquez pointed a handgun at Gallegos and ordered him out of the Blazer. After the Blazer passengers complied, Nambo and Vasquez clambered inside of it and sped away. Daniel returned to the Explorer and followed his accomplices.

Off-duty Police Officer Williamson witnessed the incident and followed the two vehicles. When the vehicles stopped, the three men exited and ran toward Williamson. After Williamson identified himself as a police officer and pulled his gun, the three men scattered. Nambo returned to the stolen Blazer, Daniel jumped back into the Explorer, and Vasquez fled on foot.

Nambo drove the stolen Blazer to a nearby park and abandoned it. He later met Vasquez and they attempted to steal a pickup truck owned by Omar Prado-Sanchez. According to Prado-Sanchez, Vasquez pointed a handgun at him and ordered him out of his truck. But Prado-Sanchez refused and started to drive away. Nambo and Vasquez then ran in front of the truck and Vasquez fired his handgun, shattering the windshield. Prado-Sanchez successfully evaded them and drove away.

Officer Williamson later identified Nambo as a participant in the Blazer robbery. Prado-Sanchez and his passengers identified Nambo as one of the two men who attempted to take his pickup.

Nambo pled guilty to one count of aggravated robbery. At sentencing, the State conceded that he never possessed the firearm during the commission of the crimes. But it argued he was still required to register as an offender under K.S.A. 22-4902(a)(7). The district court agreed, and after Nambo appealed, the Court of Appeals affirmed. *State v. Nambo*, 42 Kan. App. 2d 731, 216 P.3d 186 (2009). We granted his petition for review; our jurisdiction is under K.S.A. 20-3018(b).

ANALYSIS

Issue: *An unarmed accomplice is required to register as an offender under K.S.A. 22-4902(a)(7).*

*Standard of Review*

Interpretation of a statute is a question of law, and our review is unlimited. Accordingly, we are not bound by the lower courts' interpretations. *State v. Malmstrom*, 291 Kan. 876, Syl. ¶ 1, 249 P.3d 1 (2011). When interpreting statutes we are mindful that

"[t]he fundamental rule to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. When language is plain and unambiguous, there is no need to resort to statutory construction. An appellate court merely interprets the language as it appears; it is not free to speculate and cannot read into the statute language not readily found there." Zimmerman v. Board of Wabaunsee County Comm'rs, 289 Kan. 926, Syl. ¶ 3, 218 P.3d 400 (2009).

*Discussion*

The sole issue on appeal involves interpretation of K.S.A. 22-4902(a)(7) of the definitions section of the Kansas Offender Registration Act, K.S.A. 22-4901 *et seq.* The statute includes in its definitions of "offender"

"any person who, on or after July 1, 2006, is convicted of any person felony and the court makes a finding on the record that *a deadly weapon was used in the commission* of such person felony." (Emphasis added.)

Nambo contends that this statutory definition does not include unarmed accomplices. So he is not required to register as an offender. In support, he argues the statute is analogous to two others—K.S.A. 21-4618(a) and K.S.A. 21-4704(h). We address both statutes in turn.

The first statute, K.S.A. 21-4618(a), now present at K.S.A. 21-6707(a), applies to sentencing. It states:

"[P]robation, assignment to a community correctional services program or suspension of sentence shall not be granted to any defendant who is convicted of the commission of the crime of rape, the crime of aggravated sodomy or any crime set out in article 34 of chapter 21 of the Kansas Statutes Annotated in *which the defendant used any firearm in the commission thereof* and such defendant shall be sentenced to not less than the minimum sentence of imprisonment authorized

by law for that crime. This section shall not apply to any crime committed by a person under 18 years of age." (Emphasis added.)

Nambo correctly points out that more than 30 years ago, we determined that a 1976 version of K.S.A. 21-4618(a) containing identical italicized language did not apply to unarmed accomplices. This court held:

"By the terms of the statute, probation, parole or suspension of sentence is denied to any defendant convicted of an article 34 crime in which '*the defendant used any firearm in the commission thereof* and such defendant shall be sentenced . . . .' The term 'defendant' is used in the singular throughout the statute. At no time is the term 'defendants' used. By the same token the statute does not refer to mandatory sentencing applying to aiders and abettors, accomplices or co-conspirators. It is well understood that criminal statutes must be strictly construed against the state and in favor of the defendant. We hold that the *statute applies only to the defendant personally armed with a firearm at the time the crime is committed.*" (Emphasis added.) *State v. Stuart and Jones*, 223 Kan. 600, 607, 575 P.2d 559 (1978).

See also *State v. DeCourcy*, 224 Kan. 278, 281, 580 P.2d 86 (1978) (following *Stuart and Jones*).

Because of insufficient language parallels between these two statutes, Nambo's argument is unpersuasive. Per its active voice language quoted above, K.S.A. 21-4618(a) applies when "the defendant used any firearm" in the commission of the offense. And as we pointed out in *Stuart and Jones*, the legislature also specified the singular actor—"the defendant."

By contrast, K.S.A. 22-4902(a)(7) speaks in passive voice language. The statute requires that a "deadly weapon [be] used" in the commission of the offense. And there is no express requirement that the weapon be used personally by the defendant. Consequently, we agree with the State's characterization: K.S.A. 21-4618(a) focuses on the actor (*i.e.*, a defendant must personally use a firearm) while 22-4902(a)(7) focuses on the act itself (the use of a deadly weapon) without considering whether the actor personally used the weapon.

In K.S.A. 21-4618(a) the legislature showed in a statute mandating imprisonment for the use of firearms in the commission of crimes against persons that it knew how to utilize the active voice

and to specify the individual actor. So we assume in the statute (K.S.A. 22-4902[a][7]) mandating offender registration for the use of deadly weapons in the commission of person felonies that the legislature's omission of these two particular features was intentional. See *Zimmerman*, 289 Kan. at 974 (when legislature has demonstrated through statutory language that it knows how to preempt with the Kansas Corporation Commission [KCC], its failure to preempt the KCC in another statute's language strongly suggests that there it did not so intend); *In re W.H.*, 274 Kan. 813, 823, 57 P.3d 1 (2002) (Because consecutive sentences are .expressly permitted in the Kansas Sentencing Guidelines Act of the adult criminal code but not for the Kansas Juvenile Justice Code [KJJC], "[w]e conclude that the Kansas Legislature by its exclusion regarding consecutive sentences did not authorize the imposition of consecutive sentences under the KJJC."); *Halley v. Barnabe*, 271 Kan. 652, 661, 24 P.3d 140 (2001) (Where no savings clause exists in the Kansas Revised Limited Liability Company Act [KRLLCA] but does in the Kansas Revised Uniform Partnership Act, had the legislature intended the same result in the KRLLCA, "it is clear that it knew how to do so.").

Moreover, Nambo's argument can be characterized as an invitation for us to read language into the statute. Per our caselaw, we decline this invitation. See *Zimmerman*, 289 Kan. 926, Syl. ¶ 3 (An appellate court "cannot read into the statute language not readily found there.").

The second statute Nambo cites in support is K.S.A. 21-4704(h), now present at K.S.A. 21-6804(h). It also applies to sentencing and reads: "When a firearm is used to commit any person felony, the offender's sentence shall be presumed imprisonment."

Nambo again contends parallels exist between this statute and K.S.A. 22-4902(a)(7). Because of these parallels, he argues that we should adopt the rationale of an unpublished Court of Appeals opinion which concluded 22-4902(a)(7)'s similar statute—21-4704(h)—does not apply to unarmed accomplices. *State v. Largent*, No. 91,435, 2004 WL 2282126 (Kan. App. 2004) (unpublished opinion). Applying *Largent*'s rationale would allow us to hold

that 22-4902(a)(7) does not apply to unarmed accomplices like Nambo so he would not be required to register as an offender.

The *Largent* panel held that K.S.A. 21-4704(h) was directly "analogous" to K.S.A. 21-4618(a), whose language we analyzed above. See *Largent*, 2004 WL 2282126, *1-2. As mentioned, that statute stated: "Probation . . . shall not be granted to any defendant who is convicted of the commission of . . . any crime set out in article 34 of chapter 21 of the Kansas Statutes Annotated *in which the defendant used any firearm* in the commission thereof." (Emphasis added.) Relying primarily on *DeCourcy*, 224 Kan. at 281 (following *Stuart and Jones*), the panel then concluded K.S.A. 21-4704(h), like K.S.A. 21-4618(a), does not apply to unarmed accomplices.

We decline Nambo's invitation to adopt *Largent*'s rationale for several reasons. First, *Largent* analogized 21-4704(h) to 21-4618(a). And Nambo now asks us to analogize 21-4704(h) to 22-4902(a)(7) so the former can simply be replaced by the latter in the *Largent* calculus. But there is no need to draw his requested analogy and make the substitution because earlier in this opinion we rejected his argument involving the actual statute. We specifically concluded that 22-4902(a)(7) is not comparable to 21-4618(a).

If we did draw the analogy Nambo requests, it would primarily be based upon a recognition that both 21-4704(h) and 22-4902(a)(7) use similar passive voice language to further penalize *any* use of a firearm in the commission of an offense without specifying the actor. Compare "When a *firearm is used to commit any person felony*, the offender's sentence shall be presumed imprisonment" (K.S.A. 21-4704[h]) with "any person who . . . is convicted of any person felony and the court makes a finding on the record that a *deadly weapon was used in the commission of such person felony*" (K.S.A. 22-4902[a][7]). (Emphasis added.) Any analogy between these two similar statutes on the one hand and 21-4618(a) on the other would obviously fail for the reasons expressed earlier. So *Largent* is of no comfort to Nambo.

We therefore conclude Nambo must register as an offender because he has met all the necessary elements of K.S.A. 22-4902(a)(7): (1) He was convicted of a person felony (pled to ag-

gravated robbery); and (2) a deadly weapon was used during the commission of that felony.

Nambo presents one final argument. He asks that we find the word "use" in K.S.A. 22-4902(a)(7) to be ambiguous and argues that he did not "use" a firearm in the commission of the offense. According to Nambo, "[i]t would be inconsistent and illogical for this Court to construe 'use' of a firearm in K.S.A. 22-4902(a)(7) differently than 'use' of a firearm in K.S.A. 21-4704(h) and K.S.A. 21-4618 (a)."

But the inquiry is not whether a firearm was used to commit the offense. One accomplice clearly used a firearm during the seizing of Gallegos' Blazer and the attempted seizing of Prado-Sanchez's pickup truck. See *State v. George*, 20 Kan. App. 2d 648, 654-58, 891 P.2d 1118, *rev. denied* 257 Kan. 1094 (1995) (collecting cases and concluding that firearm use under K.S.A. 21-4618 includes brandishing, discharging, or using it as a club). Rather, the inquiry is whether Nambo must personally use the firearm. We have ruled "no." So an unarmed accomplice is required to register as an offender under K.S.A. 22-4902(a)(7).

The decisions of the district court and Court of Appeals are affirmed.

MORITZ, J., not participating.
DONALD R. NOLAND, District Judge, assigned.