NOT DESIGNATED FOR PUBLICATION

No. 119,424

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHNATHON LYLE ENGEL,
*Appellant*.


MEMORANDUM OPINION

Appeal from Morris District Court; MICHAEL F. POWERS, judge. Opinion filed December 7, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., STANDRIDGE and POWELL, JJ.


PER CURIAM: Johnathon Lyle Engel appeals his sentence following his convictions of attempted aggravated robbery and theft. We granted Engel's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has filed no response.

On October 3, 2017, Engel pled no contest to one count of attempted aggravated robbery and one count of felony theft. On February 6, 2018, the district court imposed a controlling sentence of 46 months' imprisonment pursuant to the plea agreement. At a hearing on March 6, 2018, Engel argued that he should not be required to register as a violent offender because he was merely the get-away driver and never used or possessed

1

a gun in the commission of the crime. The district court overruled Engel's objection and ordered him to register as a violent offender. Engel timely appealed.

On appeal, Engel argues that the district court erred by requiring him to register as a violent offender who used a gun in the commission of a person felony. Engel first reasserts his factual claim that he was merely an aider and abettor who drove the get-away vehicle and he never personally possessed or used a firearm in the commission of attempted aggravated robbery. But as Engel acknowledges, in *State v. Nambo*, 295 Kan. 1, 6-7, 281 P.3d 525 (2012), the Kansas Supreme Court held that the definition of "offender" as used in the Kansas Offender Registration Act (KORA) does not exclude unarmed accomplices. *Nambo* is directly on point and compels us to reject Engel's claim.

Engel also asserts a constitutional claim that the district court erred by finding that he used a deadly weapon in the commission of a person felony because under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), any fact that increases a defendant's sentence needs to be established by a guilty plea or proved beyond a reasonable doubt to a jury. But as Engel acknowledges, in *State v. Huey*, 306 Kan. 1005, 1009-10, 399 P.3d 211 (2017), the Kansas Supreme Court held that the Legislature intended KORA to be civil and nonpunitive for all classes of offenders, and without a record of the clearest proof to override legislative intent, a factual finding by the district court that requires a defendant to register as a violent offender is not an increase in the defendant's sentence that runs afoul of *Apprendi*. This court is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). We have no indication that our Supreme Court is departing from its decision of *Huey*, so the registration order does not violate Engel's constitutional rights.

Affirmed.