NOT DESIGNATED FOR PUBLICATION

No. 122,081

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RYAN G. BADER,
*Appellee,*

v.

CONCEALED CARRY LICENSING UNIT,
OFFICE OF THE ATTORNEY GENERAL DEREK SCHMIDT,
*Appellant.*

MEMORANDUM OPINION

Appeal from Shawnee District Court; RICHARD D. ANDERSON, judge. Opinion filed December 18, 2020. Reversed and remanded with directions.

*Dwight R. Carswell*, assistant solicitor general, *Toby Crouse*, solicitor general, *Charles W. Klebe*, assistant attorney general, and *Derek Schmidt*, attorney general, for appellant.

*Kris W. Kobach*, of Kobach Law LLC, of Lecompton, for appellee.

Before GREEN, P.J., MALONE, J., and MCANANY, S.J.

PER CURIAM:  The Concealed Carry Licensing Unit (CCLU) of the Kansas Attorney General's Office cannot issue a concealed carry handgun license to persons who are prohibited from possessing a firearm. In 2010, Ryan G. Bader pled guilty and was convicted of attempted robbery. The factual basis for the plea revealed that Bader possessed a gun when he took a cell phone from a taxi driver. After Bader had the conviction expunged, he applied for a concealed carry license. The CCLU denied his application on the ground that K.S.A. 2019 Supp. 21-6304(a)(1) criminalizes possession

1

of a firearm by anyone who was convicted of a person felony and was found to be in possession of a firearm at the time of the commission of the crime.

In a petition for judicial review, Bader argued that the district court in his criminal case did not find that he possessed a firearm in committing his crime within the meaning of K.S.A. 2019 Supp. 21-6304(a)(1). He also argued that the expungement of his conviction rendered him eligible for a concealed carry license. The district court handling the petition for judicial review agreed with Bader's first argument and directed the CCLU to grant Bader's application for a concealed carry license. The CCLU now asks this court to interpret the relevant statutes and uphold its original order denying Bader's application for a concealed carry license. For the reasons explained in this opinion, we reverse the district court's judgment and remand with directions for the district court to reinstate the CCLU's denial of Bader's application for a concealed carry license.

FACTUAL AND PROCEDURAL BACKGROUND

*Criminal proceedings in Johnson County*

The district court's findings of fact, which are not challenged on appeal, are summarized as follows. On March 17, 2009, Bader took a taxi home and argued with the driver over the fare. Without paying the full fare, Bader got out of the taxi and went into his home for a brief time. When Bader returned to the taxi he had a gun. The taxi driver began to call the police, but Bader took the phone and put it on the roof of the taxi. When Bader went back inside his home, the taxi driver drove a short distance, stopped to retrieve his phone, and called the police to report the incident. Overland Park police arrested Bader later that night and found a handgun inside his home.

The State at first charged Bader with one count of aggravated robbery, based on his taking the cell phone by threat of bodily harm to the taxi driver while armed with a

2

handgun. The State later filed an amended complaint adding an alternative charge of aggravated assault, based on Bader placing the taxi driver in reasonable apprehension of immediate bodily harm with a handgun. The parties reached a plea agreement under which the State would file a second amended complaint charging Bader with one count of attempted robbery, a person felony, and Bader would plead guilty to the amended charge in exchange for a joint recommendation of probation. The second amended complaint did not have language asserting that Bader used a gun to commit the crime. It alleged:

"That on or about the 17th day of March 2009, in the City of Overland Park, County of Johnson, State of Kansas, RYAN GHASSAN BADER did then and there unlawfully, feloniously and willfully attempt to take property, to-wit: a cell phone, from the person or presence of another, to-wit: [victim], by force and/or threat of bodily harm to the person of [victim], but failed in the perpetration thereof, a severity level 7 person felony, in violation of K.S.A. 21-3301, K.S.A. 21-3426, K.S.A. 21-4704 and K.S.A. 21-4707. (attempted robbery)."

During a January 2010 plea hearing, when the district court asked for a factual basis for the plea, the prosecutor described the encounter between Bader and the taxi driver. The prosecutor told the district court, "While [the driver] was still seated in his cab, [Bader] pulled out a (inaudible) handgun, told him to give him his cell phone, placed the cell phone on the roof of the cab, and went back inside his residence." The district court asked the parties to clarify which facts supported the force or threat of bodily harm element of attempted robbery. Bader's defense attorney responded, "Judge, he took the cell phone from the victim, and this was with—for purposes of the factual basis, it was with the possession of a firearm." The prosecutor then added, "What I indicated in the factual basis, Judge, was that when Mr. Bader came back out of his residence he had a handgun, at which point he told the cabbie to hand over the phone." The district court asked Bader if he was disputing those facts and he said that he was not. The district court accepted Bader's guilty plea and found him guilty of attempted robbery.

3

At the sentencing hearing on April 12, 2010, the parties jointly recommended that the district court sentence Bader to probation under the plea agreement. The parties also informed the district court that Bader would not have to register as a violent offender. Bader's attorney explained that "we've carved out the exception for [Bader] that he be allowed to continue working with TriStar, which is the family [firearms] business that he's always worked at." The district court followed the plea agreement and sentenced Bader to 12 months' imprisonment but granted probation for 24 months. The district court made no finding for sentencing purposes whether Bader used a firearm in the commission of the crime, and the district court did not order Bader to register as a violent offender.

The journal entry of judgment was filed 14 days after the sentencing hearing. The journal entry included the following question: "Did offender, as determined by the court, commit the current crime with a deadly weapon? IF YES, PLEASE COMPLETE THE OFFENDER REGISTRATION SUPPLEMENT AND ATTACH IT TO THE JOURNAL ENTRY." The box for "No" is checked, and the district court did not order offender registration. The journal entry also indicated that no special sentencing rule applied. One such special sentencing rule is that "[w]hen a firearm is used to commit any person felony, the offender's sentence shall be presumed imprisonment." K.S.A. 2019 Supp. 21-6804(h), previously codified at K.S.A. 21-4704(h).

*Expungement and concealed carry application*

Bader successfully completed his probation and in June 2014, the district court granted Bader's application for expungement of his felony conviction. Soon after, Bader applied to the CCLU for a license to carry a concealed handgun. In his application, he acknowledged his 2010 conviction by checking the "yes" box next to the question on whether he had been convicted of a felony, even one that had been expunged.

4

The CCLU investigated the court records of Bader's 2010 attempted robbery conviction and reviewed the statutes applicable to issuing a concealed carry license to a person convicted of a crime that involved the possession of a firearm. Among other statutes, K.S.A. 75-7c04(a)(2) prohibits issuing a concealed carry license to an applicant who "is prohibited from shipping, transporting, possessing or receiving a firearm or ammunition under . . . K.S.A. 2019 Supp. 21-6304(a)(1) through (a)(3), and amendments thereto." K.S.A. 2019 Supp. 21-6304(a) criminalizes "possession of any weapon by a person who: (1) Has been convicted of a person felony . . . and was found to have been in possession of a firearm at the time of the commission of the crime."

In an order dated August 26, 2016, the CCLU denied Bader's application for a concealed carry license. The CCLU interpreted the relevant statutes and caselaw and concluded that it was allowed

> "to consider all of the evidence surrounding that felony person incident and determine, regardless of what the court record states, whether there is clear and convincing evidence that a firearm was actually possess[ed] during the commission of that person felony. Just because a person received the benefit of not going to prison or not having to register as an offender does not negate clear, factual evidence that they were in possession of a firearm during their crime.
>     "Alternatively, it is even quite reasonable to interpret that the 'finding' required of 21-6304(a)(1) need not be anything associated back to what occurred during the predicate person felony prosecution, but, rather, it is [a] requirement of the statute that looks forward to the fact-finder in the subsequent prosecution for violation of 21-4204/21-6304 (or, as here, an administrative proceeding interpreting those provisions)."

The CCLU found that there was clear and convincing evidence that Bader had been convicted of a person felony and he was found to have been in possession of a firearm at that time, so K.S.A. 2019 Supp. 21-6304(a)(1) prohibited him from lawfully possessing a firearm. Thus, under K.S.A. 75-7c04(a)(2), the CCLU denied Bader's

5

application for a concealed carry license. The CCLU informed Bader that he could pursue a hearing under the Kansas Administrative Procedure Act. Bader timely filed a hearing request with the Office of Administrative Hearings (OAH).

*Administrative proceedings*

The director of the OAH designated an administrative law judge (ALJ) to preside over the proceedings, with the understanding that an ALJ lacked the authority to decide constitutional issues. The parties filed cross-motions for summary judgment on stipulated facts. In an initial order dated June 18, 2018, the ALJ recognized that "[t]his case turns on the meaning of the phrase 'and was found to have been in possession of a firearm at the time of the commission of the crime' in K.S.A. 21-6304(a)(1)." The ALJ reviewed the full text of that statute and the parties' arguments for interpreting it.

Ultimately, the ALJ found that "the plain meaning of the language of K.S.A. 21-6304(a)(1) supports the conclusion that Mr. Bader was not 'found to have been in possession of a firearm at the time of the commission of the crime.'" The ALJ found that the journal entry from Bader's attempted robbery conviction showed that he did *not* "'commit the current crime with a deadly weapon'" and "[t]he CCLU cannot now override that finding seven years later." Because she found that the CCLU had erred by doing so, the ALJ did not address Bader's alternative expungement argument. The ALJ reversed the CCLU's order denying Bader's application for a concealed carry license.

The CCLU petitioned for review of the ALJ's initial order, which the attorney general granted. In a final order dated November 14, 2018, the attorney general noted the facts of the case. The attorney general summarized the parties' arguments as follows:

> "[T]he CCLU contends that Mr. Bader is ineligible for a concealed carry license
> per K.S.A. 2018 Supp. 21-6304(a)(1), because the record in Mr. Bader's underlying

6

felony case includes the uncontroverted fact that Mr. Bader used a handgun to commit attempted robbery. Mr. Bader argues that K.S.A. 2018 Supp. 21-6304(a)(1) does not apply to him because the judge marked 'No' in response to questions 6 and 11 in Section III of the Journal Entry of Judgment, and that those markings constitute formal findings that Mr. Bader was *not* in possession of a firearm at the time of his felony offense."

The attorney general noted that K.S.A. 2018 Supp. 21-6304(a)(1) "does not specify the manner in which the person must be 'found' to have been in possession of a firearm at the time of commission of the crime," comparing it with other sentencing statutes that specify such findings must be recorded in writing. The attorney general noted that at his plea hearing, Bader admitted to having a firearm in his possession when he committed attempted robbery. Because one of the elements of attempted robbery is "'force or . . . threat of bodily harm'" and the only evidence that satisfied that element was Bader's use of a gun, the attorney general reasoned that "the [district] court could not have accepted Mr. Bader's guilty plea had the court not found that Mr. Bader possessed a firearm at the time he asked the cab driver to hand over his phone."

Turning to the checked boxes on the journal entry, the attorney general stated that although a journal entry records certain facts about the offense and conviction, "it is not where all factual determinations made by the trier of fact are recorded." The attorney general found that in this case, the journal entry notations did not actually address the question of whether Mr. Bader was in possession of a firearm at the time he committed attempted robbery. Rather, the district judge filled out the journal entry to reflect that the special sentencing rule on the use of a firearm did not apply in order to carry out the terms of the agreement calling for probation. Similarly, the attorney general concluded that the district court checked the "No" box next to the question about whether Bader committed the crime with a deadly weapon because checking "Yes" would have required the court to order offender registration, which the parties agreed was unnecessary. Thus, the attorney general found that the journal entry did not reflect a factual finding by the district court that Bader had not possessed a gun during the attempted robbery.

7

For these reasons, the attorney general concluded that the ALJ had erred by ruling that the journal entry constituted the only findings on whether Bader was in possession of a firearm when he committed attempted robbery. Finding that "Bader is ineligible for a concealed carry license under K.S.A. 2018 Supp. 75-7c04(a)(2)," the attorney general reversed the ALJ's decision and denied Bader's application for a concealed carry license.

*Petition for judicial review*

On December 14, 2018, Bader petitioned for judicial review of the attorney general's final order in Shawnee County District Court. The parties submitted written briefs. As in the previous proceedings, Bader argued that the finding that he was in possession of a firearm when he committed attempted robbery could only be made by the judge presiding over his criminal case, and the checked boxes on the journal entry showed that the judge had found Bader did not possess a firearm at the time. Bader also argued that the doctrine of constitutional avoidance required acceptance of his statutory interpretation because the CCLU and the attorney general's interpretation of the relevant statutes would infringe on his Second Amendment right to bear arms and would render K.S.A. 2019 Supp. 21-6304(a)(1) unconstitutionally vague. Finally, Bader argued that even if he were found to have possessed a gun when he committed attempted robbery, the expungement of that conviction rendered him eligible for a concealed carry license.

For its part, the CCLU asserted that Bader misapplied the constitutional avoidance doctrine and misunderstood the effect of expungement. It also argued that its interpretation of the relevant law was correct and the plain language of K.S.A. 2019 Supp. 21-6304(a)(1) does not require a formal finding of fact by the judge presiding over the criminal trial of the predicate offense. Because the CCLU's independent finding that Bader had possessed a gun during the commission of attempted robbery was supported by undisputed facts, the CCLU argued that its denial of Bader's application was proper.

The Shawnee County District Court issued its memorandum decision and order on August 5, 2019. It agreed with Bader that the "finding" that someone was in possession of a firearm at the time of the commission of a prior crime as contemplated in K.S.A. 2019 Supp. 21-6304(a)(1) must be made by the judge presiding over that criminal case. The district court noted that the journal entry of judgment in Bader's criminal case "made a finding that [Bader] did not commit the crime with a deadly weapon." Rejecting the CCLU's arguments, the district court found that "based on the plain interpretation of the language of K.S.A. 21-6304(a)(1), [Bader] *was not* found to be in possession of a firearm at the time of his conviction."

The district court next addressed and rejected Bader's argument that the doctrine of constitutional avoidance required acceptance of his interpretation of the relevant statutes, noting that the doctrine only applies when a statute is ambiguous and that was not the situation here. Finally, the district court rejected Bader's claim that the expungement of his conviction rendered him eligible for a concealed carry license, noting that the expungement statute contains exceptions that allowed the CCLU to consider Bader's prior conviction in determining whether to grant a concealed carry license.

The district court concluded its memorandum decision and order by stating:

> "For the reasons set out above, the Court grants Petitioner Ryan Bader's Petition for Judicial Review on the ground that the CCLU erroneously interpreted and applied the law by finding the Petitioner did possess a firearm in his previous felony conviction. A finding by the Johnson County District Court in 2010 on the issue of whether or not a firearm was used in the commission of a person felony is conclusive and controlling and is not subject to administrative agency reconsideration at the subsequent time of application for a concealed carry firearm license. The Respondent CCLU/OAG's interpretation of the language "*and was found to have been in possession of a firearm at the time of the commission of the crime*" in K.S.A. 21-6304(a)(1) is erroneous."

9

The district court also stated: "As to the Petitioner's remaining claims—the constitutional avoidance doctrine and the expungement of the Petitioner's prior felony conviction—the Court denies review because they afford no basis for relief." The district court reversed the attorney general's final order and remanded the case to the CCLU for further proceedings on Bader's application for a concealed carry license consistent with the district court's order. The CCLU timely appealed the district court's judgment.

ANALYSIS

On appeal, the CCLU argues that its initial denial of Bader's application for a concealed carry license was proper. It contends that by accepting Bader's plea, the Johnson County District Court necessarily found that Bader possessed a firearm when he committed the crime and the checkmarks on the journal entry do not negate this finding. The CCLU also argues that the expungement of Bader's attempted robbery conviction does not render him eligible for a concealed carry license. The CCLU asks this court to reverse the Shawnee County District Court and affirm the denial of Bader's application for a concealed carry license. Significantly, the CCLU does not argue that it could deny Bader's application based on its independent finding that Bader possessed a gun during the commission of his attempted robbery.

Even though the CCLU does not argue on appeal that it could make an independent finding that Bader possessed a gun during the commission of his crime, Bader spends a good portion of his brief arguing that this finding could be made only by the Johnson County District Court as part of his criminal case. Bader then argues that his possession of a firearm may not be "inferred" from the criminal charge, and he contends that the journal entry's indication that he did not commit the crime with a deadly weapon controls the issue. Bader also renews his constitutional avoidance doctrine argument, asserting that if the relevant statutes are ambiguous, his asserted interpretation must prevail because to hold otherwise would call the constitutionality of the statutes into

10

doubt. Finally, Bader again argues that the expungement of his attempted robbery conviction renders irrelevant whether he was found to have been in possession of a firearm when he committed attempted robbery.

The Kansas Judicial Review Act (KJRA) establishes a court's scope of review of actions by state agencies that are not specifically exempted. K.S.A. 77-603(a). The KJRA sets forth limited grounds on which Kansas courts may grant relief from an agency order; in this case, the Shawnee County District Court granted Bader relief because it held that the CCLU—and the attorney general—"erroneously interpreted or applied the law." See K.S.A. 77-621(c)(4). Since this appeal concerns only the interpretation of statutes, which are questions of law, this court exercises unlimited review. *Central Kansas Medical Center v. Hatesohl*, 308 Kan. 992, 1002, 425 P.3d 1253 (2018). And this court owes no deference to an agency's interpretation of a statute. *Villa v. Kansas Health Policy Authority*, 296 Kan. 315, 323, 291 P.3d 1056 (2013).

> "The most fundamental rule of statutory construction is that the Legislature's intent governs if that intent can be ascertained. We must, first, try to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. When a statute is plain and unambiguous, we should not speculate about the legislative intent behind that clear language, and we should refrain from reading something into the statute that is not readily found in its words. [Citations omitted.]" *Montgomery v. Saleh*, 311 Kan. 649, 654-55, 466 P.3d 902 (2020).

The Personal and Family Protection Act, K.S.A. 75-7c01 et seq., governs carrying a concealed firearm in Kansas. It tasks the attorney general with "issu[ing] licenses to carry concealed handguns to persons who comply with the application and training requirements of this act and who are not disqualified under K.S.A. 75-7c04, and amendments thereto." K.S.A. 75-7c03(a). On the other hand, the attorney general "shall deny a license to any applicant for license who is ineligible under K.S.A. 75-7c04, and amendments thereto." K.S.A. 75-7c07(a).

11

As discussed, the statutes at the heart of this appeal are K.S.A. 75-7c04(a)(2) and K.S.A. 2019 Supp. 21-6304(a)(1). K.S.A. 75-7c04(a) prohibits issuing a concealed carry license "if the applicant . . . (2) is prohibited from shipping, transporting, possessing or receiving a firearm or ammunition under . . . K.S.A. 21-6304(a)(1) through (a)(3), and amendments thereto." K.S.A. 2019 Supp. 21-6304(a) criminalizes "possession of any weapon by a person who: (1) Has been convicted of a person felony . . . and was found to have been in possession of a firearm at the time of the commission of the crime."

*Did the Johnson County District Court find that Bader possessed a gun in the commission of attempted robbery?*

Bader spends a good portion of his brief arguing that the finding that he possessed a firearm in the commission of his crime could be made only by the Johnson County District Court as part of his criminal case, and the CCLU cannot deny his application for a concealed carry license based on its independent finding that Bader possessed a gun during the commission of his attempted robbery. We agree. K.S.A. 2019 Supp. 21-6304(a) criminalizes "possession of any weapon by a person who: (1) Has been convicted of a person felony . . . and *was found* to have been in possession of a firearm at the time of the commission of the crime." (Emphasis added.) The statute says "was found," not "is found." This language makes it clear that the finding that Bader possessed a gun in committing attempted robbery could be made only by the Johnson County District Court as part of the criminal case; the finding could not be made later when Bader applied for a concealed carry license. But although the CCLU argued below that it may independently find that an individual possessed a firearm while committing a person felony, the CCLU does not raise that argument in its appellate brief.

Instead, the CCLU adopts the reasoning the attorney general set out in his final order: by accepting Bader's guilty plea to attempted robbery, the district court made the required finding that Bader possessed a gun in the commission of his attempted robbery,

12

regardless of later notations on the journal entry form. The CCLU's reasoning is as follows. When Bader was convicted of attempted robbery, robbery was defined as "the taking of property from the person or presence of another by force or by threat of bodily harm to any person." See K.S.A. 21-3426, now codified at K.S.A. 2019 Supp. 21-5420. Both at the time of Bader's plea hearing and currently, for the district court to accept Bader's guilty plea to attempted robbery, the court must be "satisfied that there is a factual basis for the plea." K.S.A. 2019 Supp. 22-3210(a)(4).

At Bader's plea hearing, the Johnson County District Court asked about the factual support for the attempted robbery charge, and the prosecutor detailed the facts, including that Bader "pulled out a (inaudible) handgun, told [the taxi driver] to give him his cell phone, placed the cell phone on the roof of the cab, and went back inside his residence." When the district court asked for clarification of the evidence supporting the element of force or threat of bodily harm, Bader's defense attorney stated, "Judge, he took the cell phone from the victim, and this was with—for purposes of the factual basis, it was with the possession of a firearm." The prosecutor added that "when Mr. Bader came back out of his residence he had a handgun, at which point he told the cabbie to hand over the phone." The district court asked Bader if he was disputing those facts and he said that he was not. The CCLU asserts that by accepting the guilty plea, the Johnson County District Court must have been "satisfied" that Bader's possession of a firearm was sufficient evidence of the element of force or threat of bodily harm, as it was the only evidence proffered on that element of the crime. See K.S.A. 2019 Supp. 22-3210(a)(4).

The Shawnee County District Court rejected the CCLU's argument on this point in granting Bader's petition for judicial review. The district court stated:

"The [attorney general's] final order suggests that since the judge inquired at the plea hearing about the presence of a gun during the altercation between [Bader] and the taxi driver and was told that there was a gun, it satisfies the finding requirement. [The

13

attorney general] also claims that the inference of the presence of a gun is imperative to satisfying the elements of attempted robbery and to the judge's decision to accept the plea. However, the Court does not find the [attorney general's] argument persuasive because a deadly weapon is not a necessity in finding a presence of 'force or by threat of bodily harm to any person.' K.S.A. 21-3426. Nowhere in the transcript did the judge indicate that the plea was accepted on the basis that the threat of bodily harm was with a deadly weapon. The deadly weapon firearm finding was not made and recorded in the Journal Entry. Thus, based on the plain interpretation of the language of K.S.A. 21-6304(a)(1), [Bader] *was not* found to be in possession of a firearm at the time of his conviction."

Bader champions this rationale, accurately pointing out that the force or threat of bodily harm element of robbery is not restricted to use of a firearm. See *State v. Moore*, 269 Kan. 27, 33, 4 P.3d 1141 (2000) (finding the defendant's action of approaching the victim in a remote area of a parking lot and demanding her keys was enough to satisfy the element of threat of bodily harm). Thus, Bader argues, the CCLU cannot "suggest that the crime of attempted robbery necessarily includes an element of possession of a firearm."

Both Bader and the Shawnee County District Court appear to have missed the point of the CCLU's argument. The CCLU does not contend that every conviction of robbery or attempted robbery requires a finding that the perpetrator used a firearm. Rather, it contends that in this case, the *only* evidence proffered to support the force or threat of bodily harm element of attempted robbery was that Bader possessed a handgun. There simply was no evidence that he used any of the other avenues of threat that Bader lists in his brief—no evidence showed that Bader used a knife, a BB gun, his fists, or words alone. The only evidence proffered was that he used a gun. The CCLU asserts that for the Johnson County District Court to have found that all the elements of attempted robbery were factually supported, as required to accept Bader's guilty plea, it must have found that Bader possessed a gun during the commission of the crime.

The CCLU's reasoning is persuasive. To hold otherwise would be to conclude that the Johnson County District Court accepted Bader's guilty plea on a factual basis other than the one the State presented and to which Bader agreed on the record. When the State alleges a factual basis with multiple avenues to satisfy an element, it would be improper to impute any factual finding to the district court. But here, there was only one basis for the Johnson County District Court to find the element of force or threat of bodily harm required for attempted robbery: Bader's possession of a handgun.

The CCLU also persuasively argues that the Johnson County District Court's finding that Bader possessed a gun when he committed attempted robbery need not be in writing or explicitly made on the record at the time of the hearing. When the Legislature demonstrates in one statute that it knows how to mandate specific requirements, we may assume that the absence of such requirements in another statute is intentional. See *Cady v. Schroll*, 298 Kan. 731, 749, 317 P.3d 90 (2014) (citing *State v. Nambo*, 295 Kan. 1, 4-5, 281 P.3d 525 [2012]). The Legislature knows how to require that certain findings be in writing or explicitly made on the record; it has repeatedly done so. See, e.g., K.S.A. 2019 Supp. 22-4902(e)(2) (defining a violent offender to include a person convicted "of any person felony and the court *makes a finding on the record* that a deadly weapon was used in the commission of such person felony") (Emphasis added.); K.S.A. 2019 Supp. 21-6815(a) (stating that if the sentencing judge departs from the presumptive sentence, the judge shall state "*on the record* at the time of sentencing the substantial and compelling reasons for the departure") (Emphasis added.); K.S.A. 2019 Supp. 38-2331(a)(2) (requiring that a court ordering removal of a juvenile from parental custody must make certain findings and "[t]he court shall state the basis for each finding *in writing*") (Emphasis added.). Yet, in K.S.A. 2019 Supp. 21-6304(a)(1), the Legislature included no such requirement, so we may presume that it did not intend to require a written finding or an explicit finding on the record in order to apply the statute.

K.S.A. 2019 Supp. 21-6304(a) criminalizes "possession of any weapon by a person who: (1) Has been convicted of a person felony . . . and *was found* to have been in possession of a firearm at the time of the commission of the crime." (Emphasis added.) The statute does not require the district court to make an explicit finding on the record that a criminal defendant possessed a firearm at the time of the commission of a person felony in order to trigger the denial of an application for a concealed carry license; nor does the statute require such a finding to be in writing. Here, the Johnson County District Court necessarily found that Bader possessed a gun in committing his attempted robbery because that was the only proffered evidence to establish the force or threat of bodily harm element of the crime. Without the finding that Bader possessed a gun, there would not have been an adequate factual basis for the district court to accept Bader's guilty plea to the crime of attempted robbery. Such findings are recognized in the law when a statute does not require the district court to make explicit findings on the record. See, e.g., *In re Estate of Farr*, 274 Kan. 51, 59, 49 P.3d 415 (2002) (recognizing that despite the court's failure to "specifically find" that plaintiffs had established a prima facie case that a will was valid, the court's action in shifting the burden of proof to the will's opponents showed that "the trial judge necessarily found the proponents had put forth a prima facie case").

*Did the checkmarks on the journal entry negate the district court's finding that Bader possessed a gun in his attempted robbery?*

Next, the parties dispute the effect of the journal entry of judgment on whether Bader was found to have been in possession of a firearm when he committed attempted robbery. To review, the Johnson County District Court marked the "No" box in the portion of the journal entry that asked if a special sentencing rule applied. The district court also marked the "No" box next to the question "Did offender, as determined by the court, commit the current crime with a deadly weapon? IF YES, PLEASE COMPLETE THE OFFENDER REGISTRATION SUPPLEMENT AND ATTACH IT TO THE JOURNAL ENTRY." The CCLU argues that these checkmarks do not negate the fact

that the Johnson County District Court necessarily found at the plea hearing that Bader possessed a firearm when he committed attempted robbery.

The CCLU points out that the checked boxes indicate whether certain statutes require presumptive prison or offender registration and those statutes require "use" of the firearm to commit the crime, while K.S.A. 2019 Supp. 21-6304(a)(1) requires only a finding of "possession." See K.S.A. 2019 Supp. 21-6804(h), previously codified at K.S.A. 21-4704(h) ("When a firearm is *used* to commit any person felony, the offender's sentence shall be presumed imprisonment.") (Emphasis added.); K.S.A. 2019 Supp. 22-4902(e)(2) (defining violent offenders, whom the Kansas Offender Registration Act [KORA] requires to register, to include individuals who "on or after July 1, 2006, [are] convicted of any person felony and the court makes a finding on the record that a deadly weapon was *used* in the commission of such person felony") (Emphasis added.).

Contrary to Bader's assertion in his appellate brief, the CCLU argued to the district court the distinction between the finding of possession required by K.S.A. 2019 Supp. 21-6304(a)(1) and the findings indicated in the journal entry, so the argument is properly before this court on appeal. The CCLU argues that although "use" requires "possession," the reverse is not true. So even if the Johnson County District Court found that Bader did not "use" a firearm to commit the crime for sentencing or registration purposes, the CCLU asserts that fact does not undermine the district court's necessary finding at the plea hearing that Bader possessed a firearm when he committed the crime.

In reply, Bader points out that the journal entry question about registration does not include the word "use"; it asks whether Bader committed the crime "with a deadly weapon." As Bader argues, giving words their common meanings, committing a crime "with" a gun would require possessing the gun, so the negative answer on the journal entry means Bader was found *not* to have possessed a gun while committing attempted robbery. Next, Bader asserts the absurdity of finding that K.S.A. 2019 Supp. 21-

17

6304(a)(1) applies when a person merely possesses but does not use a gun during the commission of a person felony. Giving the example of a drunk driver with an unloaded gun in the glove compartment who injures a pedestrian, Bader asserts that, under the CCLU's interpretation, that individual would face a lifetime prohibition on possessing firearms under K.S.A. 2019 Supp. 21-6304(a)(1).

Although both parties present intriguing arguments, this is an issue that may be resolved on our facts, without making broad holdings that interpret the more general statutory provisions. As for the checkmark on the journal entry that no special sentencing rule applied, this indication does not equate to a "factual finding" that Bader did not use or possess a firearm when he committed the attempted robbery. As for the registration question, our Supreme Court has emphasized that when determining whether the district court made a factually supported finding on the record that the defendant used a deadly weapon to commit the crime, "we are not simply looking to whether use of a deadly weapon is an element of the convicted crime." *State v. Marinelli*, 307 Kan. 768, 789, 415 P.3d 405 (2018). There can be "situation[s] in which the weapon used constituted a deadly weapon for the purposes of the criminal conviction but was arguably not a deadly weapon for KORA purposes." 307 Kan. at 789.

Thus, there is a distinction between finding that a deadly weapon was used for purposes of conviction and making that same finding for purposes of KORA sentencing requirements. That distinction resolves the dispute over whether the checkmarks on the journal entry reflect a factual finding, applicable across legal contexts, that Bader did not possess a firearm when he committed his crime. We believe that the record is clear that the Johnson County District Court's decision not to require registration or use the special sentencing rule was an attempt to conform Bader's sentence to the terms of the plea agreement. But even if that was not the case, the fact that the district court declined to make a finding at sentencing for KORA purposes about whether Bader used or possessed a firearm in committing the crime does not negate the necessary finding the district court

18

made when accepting Bader's plea and finding him guilty of attempted robbery. The required findings are made in two different contexts, for different reasons.

In summary, to accept Bader's guilty plea, the Johnson County District Court necessarily found that Bader used force or threat of bodily harm to take the taxi driver's phone. The only evidence proffered on that element was Bader's possession of a gun. Thus, Bader "was found to have been in possession of a firearm at the time of the commission of the crime." K.S.A. 2019 Supp. 21-6304(a)(1). The indications on the sentencing journal entry—that no special sentencing rule applied and that the offender did not commit the crime with a deadly weapon that would require registration—do not negate the factual finding on which the district court accepted Bader's guilty plea and convicted him of attempted robbery.

Because the Johnson County District Court necessarily found that Bader possessed a firearm when he committed the person felony of attempted robbery, K.S.A. 2019 Supp. 21-6304(a)(1) prohibits Bader from possessing a firearm. The CCLU and the attorney general did not erroneously interpret or apply the law. Thus, the CCLU correctly denied Bader's application for a concealed carry license, as required by K.S.A. 75-7c04(a)(2).

As a final matter, Bader argues that under the constitutional avoidance doctrine, if the relevant statutes are ambiguous, his asserted interpretation must prevail because to hold otherwise would call the constitutionality of the statutes into doubt. Bader also argues that the expungement of his attempted robbery conviction renders irrelevant whether he was found to have been in possession of a firearm when he committed attempted robbery. Bader made both claims in his petition for judicial review. The district court addressed and rejected both claims and concluded its memorandum decision and order by stating: "As to [Bader's] remaining claims—the constitutional avoidance doctrine and the expungement of [Bader's] prior felony conviction—the Court denies review because they afford no basis for relief."

19

By denying Bader's petition for judicial review on these claims, the district court ruled adversely to him. Thus, for Bader to assert these claims in this court, he needed to file a cross-appeal, which he did not do. See *Cooke v. Gillespie*, 285 Kan. 748, 755, 176 P.3d 144 (2008) ("We have clearly held that before an appellee may present adverse rulings to the appellate court it must file a cross-appeal. If the appellee does not, we have held that the issue is not properly before the court and may not be considered."). As a result, we find that Bader is procedurally barred from making these claims in this appeal.

For all the reasons stated in this opinion, we find the district court erred in granting Bader's petition for judicial review. We reverse the district court's judgment and remand with directions for the district court to reinstate the CCLU's denial of Bader's application for a concealed carry license.

Reversed and remanded with directions.