No. 100,851

STATE OF KANSAS, *Appellee*, v. HEATHER HOPKINS, *Appellant*.

(285 P.3d 1021)

Opinion filed September 28, 2012.

*Matthew J. Edge*, of Kansas Appellate Defender Office, argued the cause, and *Carl Folsom, III*, was on the brief for appellant.

*Thomas R. Stanton*, deputy district attorney, argued the cause, and *Stephen D. Maxwell*, senior assistant district attorney, *Keith E. Schroeder*, district attorney, and *Steve Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: We must determine whether probationer Heather Hopkins is entitled to jail time credit toward a sentence for the time she spent in a residential drug abuse treatment facility when her sojourn had not been ordered as a condition of probation in the case where that prison sentence had been imposed. Hopkins was serving probation in two different cases. She was statutorily required—and ordered as a condition of probation—to complete

drug abuse treatment in the case involving a conviction for cocaine possession. But drug treatment was not statutorily required, or ordered as a condition of probation, in the case where her convictions concerned nondrug offenses.

Hopkins failed to complete her mandatory drug treatment, and the district court revoked her probation in both cases. Hopkins admits she is statutorily barred from receiving jail time credit toward her sentence in her cocaine case. But she argues she is not so barred in her nondrug offense case.

Both the district court and the Court of Appeals disagreed with Hopkins. We granted her petition for review under K.S.A. 20-3018(b) on this issue of first impression. Under the circumstances of this case, we now reverse.

## FACTS

The essential facts are straightforward. For Heather Hopkins' conviction of possession of cocaine, she was sentenced to 18 months' probation with an underlying sentence of 11 months. In accordance with the legislative scheme known as Senate Bill 123 (S.B. 123), L. 2003, ch 135, sec. 1, she was also ordered to complete mandatory drug abuse treatment as a nonprison sanction per K.S.A. 21-4729. See *State v. Preston*, 287 Kan. 181, 184-85, 195 P.3d 240 (2008).

Two months later Hopkins was sentenced in a different case for convictions of attempted aggravated robbery and obstruction of legal process. She received 36 months' probation with an underlying sentence of 41 months. This robbery case's sentence was ordered to run consecutive to her previously imposed sentence in her cocaine possession case. Completion of mandatory drug treatment under S.B. 123 obviously was not ordered, but the following provision appeared in her "Order of Intensive Supervision Probation":

"15. Agree to enter into evaluation, counseling, or treatment as directed by the Intensive Supervision Officer. Comply with all recommendations as clinically indicated. Costs and arrangements for payments are the defendant's responsibility."

Hopkins absconded from her supervised probation after some period of drug abuse inpatient treatment. The State then moved

to revoke probation in both cases. At the revocation hearing Hopkins stipulated to absconding, which violated her probation. She also admitted that per K.S.A. 21-4603d(n) she was barred from receiving jail time credit—toward her cocaine case's sentence—for her treatment period. But she claimed there was no bar to the treatment period being credited toward her robbery case's sentence.

The district court denied her request, revoked probation in both cases, and ordered her to serve the two underlying sentences (41 months and 11 months) consecutively. The Court of Appeals affirmed the district court, holding there was no evidence that inpatient treatment was actually recommended by Hopkins' probation officer or imposed as a condition of probation in the robbery case. *State v. Hopkins,* No. 100,851, 2009 WL 2902586, at *1 (Kan. App. 2009) (unpublished opinion).

### ANALYSIS

Issue: *A probationer is entitled to jail time credit toward a sentence for time spent in a residential drug abuse treatment facility when the sojourn had not been ordered as a condition of probation in the case where that prison sentence had been imposed.*

*Standard of Review*

This issue requires us to interpret probation statutes. Statutory interpretation is a question of law, and our review is unlimited. Accordingly we are not bound by the lower courts' interpretations. *State v. Malmstrom,* 291 Kan. 876, Syl. ¶ 1, 249 P.3d 1 (2011). When interpreting statutes we are mindful that

"[t]he fundamental rule to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. When language is plain and unambiguous, there is no need to resort to statutory construction. An appellate court merely interprets the language as it appears; it is not free to speculate and cannot read into the statute language not readily found there." *Zimmerman v. Board of Wabaunsee County Comm'rs,* 289 Kan. 926, Syl. ¶ 3, 218 P.3d 400 (2009).

*Discussion*

The right to jail time credit is statutory. *State v. Theis,* 262 Kan. 4, 7, 936 P.2d 710 (1997). Typically a probationer may receive

credit for time served in a residential facility while on probation. This general rule is set out at K.S.A. 21-4614a(a), which states:

"In any criminal action in which probation, assignment to a conservation camp or assignment to community corrections is revoked and the defendant is sentenced to confinement, for the purpose of computing the defendant's sentence and parole eligibility and conditional release dates, the defendant's sentence is to be computed from a date, hereafter to be specifically designated in the sentencing order of the journal entry of judgment or the judgment form delivered with the defendant to the correctional institution. *Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent in a residential facility while on probation, assignment to a conservation camp or assignment to community correctional residential services program.* The commencing date of such sentence shall be used as the date of sentence and all good time allowances as are authorized by law are to be allowed on such sentence from such date as though the defendant were actually incarcerated in a correctional institution. Such credit is not to be considered to reduce the minimum or maximum terms of confinement authorized by law for the offense of which the defendant has been convicted." (Emphasis added.) K.S.A. 2010 Supp. 21-4614a(a).

By contrast, as Hopkins admitted to the district court and again on appeal, a probationer in S.B. 123 cases is not eligible for jail time credit when ordered to participate in a certified drug abuse treatment program. More specifically, under K.S.A. 21-4603d(n), "[t]he amount of time spent participating in such program shall not be credited as service on the underlying prison sentence." We have held that a S.B. 123 probationer was ineligible for jail time credit because the specific prohibition against credit in K.S.A. 21-4603d(n) trumped the general rule authorizing credit contained in K.S.A. 21-4614a(a). *Preston,* 287 Kan. at 184-85.

These two statutes overlap for Hopkins because the court revoked probation in both her robbery and her cocaine cases. In the latter case, she was ordered to complete drug abuse treatment in a residential facility as a condition of probation. While no such order was specifically made in her robbery case, Hopkins again asks for jail time credit toward that particular sentence for her cocaine case-ordered stay in the residential facility.

Hopkins first argues that the language in her robbery case's probation order is sufficient to meet this alleged "condition of probation" requirement. Failing that, she argues that the plain lan-

guage of K.S.A. 21-4614a(a) does not require that residential drug abuse treatment be a *condition* of probation for a defendant to receive jail credit for time spent in a treatment facility. Rather, "[t]he statute [only] requires jail credit be assessed for time spent in the facility *'while* on probation.'" (Emphasis added.) She contends the Court of Appeals was therefore wrong to require residential drug abuse treatment as a condition of probation in the robbery case before she could receive credit toward that case's sentence.

The State responds that Hopkins is barred from jail time credit in her robbery case because inpatient drug treatment is required as a condition of probation, and it simply was not ordered there. According to the State, the opening words of K.S.A. 21-4614a(a)— "[i]n any criminal action"—indicate that the treatment must be ordered as a condition of probation in the same case for which jail time credit is sought. More specifically, it argues this statutory language only addresses a single criminal action and, for Hopkins to receive credit, the statute would need to read "in any criminal action *or combinations of criminal actions* for which a defendant might be on probation at one time." (Emphasis added.)

We disagree with the State. K.S.A. 21-4614a(a) broadly grants a probationer jail time credit in "any criminal action in which probation . . . is revoked," for the time "spent in a residential facility while on probation." The statute simply contains no express requirement that the time spent in the residential facility be ordered in the same case in which jail time credit is sought. We decline the State's invitation to read this limiting, *i.e.*, excepting, language into 21-4614a(a). See *State v. Nambo*, 295 Kan. 1, 5, 281 P.3d 525, 528 (2012) ("An appellate court 'cannot read into the statute language not readily found there.'").

Our conclusion is further supported by the language limiting the *exception* to jail time credit that is contained in K.S.A. 21-4603d(n). Subsection (n) provides that after the court orders defendant's participation in the certified drug abuse treatment program, but

"the defendant . . . demonstrates the offenders' refusal to comply with or participate in the treatment program, . . . the defendant shall be subject to revocation of probation and the defendant shall serve *the underlying sentence as established*

*in K.S.A. 21-4705* [sentencing guidelines grid for drug crimes] and amendments thereto." (Emphasis added.)

This theme is repeated later in the subsection: "[t]he amount of time spent participating in such program shall not be credited as service *on the underlying prison sentence*," *i.e.*, as established by the sentencing guidelines grid for drug crimes contained in K.S.A. 21-4705. (Emphasis added.) K.S.A. 21-4603d(n). In short, by denying credit for time served only on the "underlying sentence," the Kansas Legislature limited the jail time credit exception contained in 21-4603d(n) to the same criminal (and drug offense-based) action in which the drug treatment program was imposed.

Finally, in this subsection of K.S.A. 21-4603d the Kansas Legislature showed that it knew how to create an exception to the broad grant of jail time credit for probationers found in 21-4614a(a)—to deny credit for a probationer's stay in the court-ordered drug treatment program under S.B. 123. So we assume that the legislature did not intend to include a similar exception or limitation in K.S.A. 21-4614a(a), *i.e.*, to deny jail time credit for a probationer's stay in a treatment program unless that time was ordered—as a condition of probation—in the same case in which the credit is sought. See *State v. Nambo*, 295 Kan. at 5 (citing cases: "*Zimmerman*, 289 Kan. at 974 [when legislature has demonstrated through statutory language that it knows how to preempt with the Kansas Corporation Commission (KCC), its failure to preempt the KCC in another statute's language strongly suggests that there it did not so intend]; *In re W.H.*, 274 Kan. 813, 823, 57 P.3d 1 [2002] [Because consecutive sentences are expressly permitted in the Kansas Sentencing Guidelines Act of the adult criminal code but not for the Kansas Juvenile Justice Code (KJJC), '[w]e conclude that the Kansas Legislature by its exclusion regarding consecutive sentences did not authorize the imposition of consecutive sentences under the KJJC.']; *Halley v. Barnabe*, 271 Kan. 652, 661, 24 P.3d 140 [2001] [Where no savings clause exists in the Kansas Revised Limited Liability Company Act (KRLLCA) but does in the Kansas Revised Uniform Partnership Act, had the legislature intended the same result in the KRLLCA, 'it is clear that it knew how to do so.'].")

The State finally suggests that a decision of this court cited by the Court of Appeals panel supports the State's argument that inpatient treatment must be ordered as a condition of probation. *State v. Theis*, 262 Kan. 4. According to the State, it logically follows that treatment must be ordered in the same case in which a probationer requests jail time credit toward his or her sentence.

Hopkins admits that the *Theis* defendant had been ordered to submit to inpatient drug treatment as a condition of probation. But she again argues K.S.A. 21-4614a does not require this to obtain jail time credit for a stay in such a facility while on probation. So she contends *Theis* is distinguishable and of little guidance.

We agree with Hopkins. In *Theis*, the defendant clearly had been ordered to participate in inpatient drug treatment at alleged residential facilities as a condition of probation. 262 Kan. at 9-10. But the appellate issue was whether the treatment facilities qualified as "residential facility[ies]" under K.S.A. 21-4614a(a)—not whether the treatment needed to be ordered as a condition of probation. Indeed, the beginning of the opinion impliedly makes this distinction:

"This case requires interpretation of K.S.A. 21-4614a(a) in determining defendant's credit for time spent in an inpatient drug treatment program *while on probation*. Was defendant in a "residential facility" *while on probation*? (Emphasis added.) 262 Kan. at 4.

The *Theis* court's holding reflected the same distinction. After reviewing the two treatment facilities at issue, it concluded that Theis was "entitled to jail time credit under K.S.A. 21-4614a(a) for inpatient treatment in [the two facilities] as time spent 'in a residential facility *while on probation*.' " (Emphasis added.) 262 Kan. at 5. The holding is similarly described throughout the opinion. "Theis argues that 'residential facility *while on probation*' should include court-ordered completion of inpatient drug treatment. We agree." (Emphasis added.) 262 Kan. at 8. And "[w]e hold that Theis' inpatient drug treatment [at the two facilities] qualifies as time spent in a 'residential facility *while on probation*,' as provided in K.S.A. 21-4614a(a)." (Emphasis added.) 262 Kan. at 10. While the court also acknowledged that Theis' participation in the drug treatment programs "were conditions of his probation," this state-

ment merely helped explain that "[h]e attended those facilities *while on probation*. These inpatient facilities are 'residential.'" (Emphasis added.) 262 Kan. at 10.

In short, *Theis* held that jail time credit is available *when* a treatment program is ordered as a condition of probation. *Theis* did not hold that jail time credit is available *only if* a treatment program is ordered as a condition of probation. Accordingly, Kansas appellate court decisions holding otherwise have overread *Theis*, although perhaps understandably. As the Court of Appeals stated in *State v. Taylor*, 27 Kan. App. 2d 539, 541-42, 6 P.3d 441 (2000):

> "The Supreme Court's language in *Theis* also *appears* to require an evaluation of whether Taylor's participation in the reintegration program was a *condition of his probation. Although the statute does not include this as a criterion for application of the 'residential facility' language, it is evident to us that the Supreme Court engaged in statutory interpretation or made a policy judgment by which we are bound. Presumably,* as long as time in a 'residential facility' is a condition of probation ordered by the sentencing judge, there is at least some minimal assurance that the program of the facility will be consistent with the goals of the probation itself." (Emphasis added.)

See also *State v. Black*, 36 Kan. App. 2d 593, 595, 142 P.3d 319 (2006) (citing *Taylor* and determining first whether the defendant's stay in the residential treatment facility was a condition of probation); *State v. Brown*, 38 Kan. App. 2d 490, 492, 167 P.3d 367 (2007); *State v. Srader*, No. 96,397, 2007 WL 2580500, at *2, 4 (Kan. App. 2007) (unpublished opinion); *State v. Johnson*, No. 92,179, 2005 WL 824047, at *3 (Kan. App.) (unpublished opinion) *rev. denied* 280 Kan. 987 (2005); *State v. Jurgens*, No. 89,988, 2003 WL 22764465, at *2 (Kan. App. 2003) (unpublished opinion).

In conclusion, the district court should have awarded Hopkins jail time credit toward her attempted aggravated robbery case's sentence for her time spent in residential drug abuse treatment. Although the treatment was ordered only as a condition of probation in her cocaine possession case, there is no statutory requirement that the time spent in such treatment be ordered in the same case in which the jail time credit is sought.

Reversed and remanded for resentencing.