NOT DESIGNATED FOR PUBLICATION

No. 114,504

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID STRICKLIN,
*Appellant*.


MEMORANDUM OPINION


Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed October 7, 2016. Appeal dismissed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Daryl E. Hawkins*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., POWELL, J., and STUTZMAN, S.J.


*Per Curiam*: As part of a plea agreement with the State, David Stricklin pled guilty to one count of aggravated battery. Because the applicable sentence was in a border box given Stricklin's criminal history score, Stricklin moved for an "optional nonprison sentence." The district court denied his motion and sentenced him to prison but downward durationally departed from the presumptive term of imprisonment. Stricklin now appeals, arguing the district court abused its discretion in sentencing him to prison rather than imposing a nonprison sanction of probation. Because we lack jurisdiction to consider Stricklin's claim, we dismiss his appeal.

1

In November 2014, the State charged Stricklin with one count of aggravated battery, a severity level 5 felony, alleging that Stricklin had caused great bodily harm or disfigurement to his infant daughter who suffers from cerebral palsy. As part of his plea agreement, Stricklin pled guilty as charged, stipulated to the facts asserted in the law enforcement affidavit, and agreed to obtain a mental health evaluation and follow all recommendations as conditions of probation. In exchange, the State agreed not to file further charges, to recommend the standard sentence in the applicable grid box, and to concur in Stricklin's motion for border box findings and probation.

Because he was a first-time offender, Stricklin's criminal history score was I, placing the applicable sentence in the 5-I grid box, a border box. Prior to the sentencing hearing, Stricklin filed a motion for an optional nonprison sentence as provided for by statute, seeking probation instead of the presumptive prison sentence. At the sentencing hearing, Stricklin argued that individual therapy as recommended by the Central Kansas Mental Health Center was an appropriate treatment program, and he presented letters in support from persons who attended his church. The State, per the plea agreement, concurred in Stricklin's motion. After hearing from defense counsel, the State, the victim's mother, and Stricklin, the district court denied Stricklin's motion for an optional nonprison sentence, finding that an appropriate treatment program did not exist and that community safety interests would not be served by granting probation. However, because Stricklin was a first-time offender, the district court reduced his presumptive prison sentence from 32 months to 24 months. Stricklin filed a motion to reconsider, which the district court denied.

Stricklin timely appeals.

DOES THIS COURT HAVE JURISDICTION TO CONSIDER STRICKLIN'S CHALLENGE
TO HIS BORDER BOX SENTENCE?

Relying on K.S.A. 2015 Supp. 21-6820(a) and *State v. Looney*, 299 Kan. 903, 327 P.3d 425 (2014), Stricklin argues we have jurisdiction to hear his appeal because the district court departed from the presumptive sentence provided in the sentencing guidelines grid box.

Whether we have jurisdiction is a question of law subject to our unlimited review. *State v. Berreth*, 294 Kan. 98, 109, 273 P.3d 752 (2012). The same standard of review applies to the interpretation of statutes. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014). Statutory interpretation's fundamental rule "'is that the intent of the legislature governs if that intent can be ascertained.'" *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 (2012) (quoting *Zimmerman v. Board of Wabaunsee County Comm'rs*, 289 Kan. 926, Syl. ¶ 3, 218 P.3d 400 [2009]). "'[T]he best and only safe rule for ascertaining the intention of the makers of any written law, is to abide by the language they have used.'" *Gannon v. State*, 298 Kan. 1107, 1143, 319 P.3d 1196 (2014) (quoting *Wright v. Noell*, 16 Kan. 601, 607, 1876 WL 1081 [1876]).

K.S.A. 2015 Supp. 21-6820(a) provides, in part: "A departure sentence is subject to appeal by the defendant or the state." In *Looney*, the defendant moved for a downward dispositional departure after the State, as part of the plea agreement, recommended a downward durational departure. The district court granted the durational departure but denied the dispositional departure. After this court dismissed Looney's appeal for lack of jurisdiction, our Supreme Court granted review to determine whether K.S.A. 21-4721 (recodified as K.S.A. 2015 Supp. 21-6820) barred an appeal from a favorable durational departure. 299 Kan. at 907-09. The court determined that a defendant could complain that the district court "'did not depart enough'" and that the statutory language did not distinguish between a favorable and unfavorable departure. 299 Kan. at 908. Ultimately,

the court held that "all departure sentences are subject to appeal under K.S.A. 21-4721(a) unless appellate jurisdiction is divested by a more specific provision." 299 Kan. at 909.

Here, Stricklin was granted a downward durational departure; on appeal, it appears he is claiming that the district court "did not depart enough" by denying his motion for an optional nonprison sentence as provided by K.S.A. 2015 Supp. 21-6804(f). However, following the rule that all departure sentences are subject to appeal unless appellate jurisdiction is divested by a more specific provision, see *Looney*, 299 Kan. 903, Syl. ¶ 4, we note K.S.A. 2015 Supp. 21-6804(f) provides that when an offense is classified in grid block 5-H, 5-I, or 6-G, commonly known as border boxes, "the court may impose an optional nonprison sentence as provided in subsection (q)." K.S.A. 2015 Supp. 21-6804(q) states: "Any decision made by the court regarding the imposition of an optional nonprison sentence shall not be considered a departure and shall not be subject to appeal." In other words, a district court's grant or denial of probation in instances where a defendant's sentence falls within a border box does not constitute a departure and is not subject to appeal. Unfortunately for Stricklin, because he does not challenge the departure portion of his sentence, *Looney* is inapplicable, and the district court's decision to deny his request for probation does not constitute a departure and is not appealable. As a result, under the plain language of K.S.A. 2015 Supp. 21-6804(q), we lack the jurisdiction to review the district court's decision to deny Stricklin's request for probation.

Appeal dismissed.