NOT DESIGNATED FOR PUBLICATION

No. 122,360

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TAGAN J. MOSS-BARRETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Clay District Court; JOHN F. BOSCH, judge. Opinion filed February 5, 2021. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Richard E. James*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., SCHROEDER, J. and WALKER, S.J.

PER CURIAM: After Tagan Moss-Barrett violated her probation, the district court sanctioned her and reinstated her probation. She now objects to the probation violation journal entry because it does not include jail credit time. But our statutes do not require a district court to include jail credit time in a probation violation journal entry unless the district court revokes probation and orders confinement. See K.S.A. 2019 Supp. 21-6615(b). Because that did not happen here, we affirm.

1

*Factual and Procedural Background*

In 2018, Moss-Barrett pleaded no contest to felony possession of methamphetamine. The district court sentenced her to an 11-month prison term but suspended that sentence, granted her 18 months' probation, and awarded her 105 days of jail credit time.

About eight months later, Moss-Barrett violated her probation and the district court sanctioned her to 60 days in the county jail for failing to report to probation and failing to follow through with drug rehabilitation. The State prepared a journal entry that did not reflect jail credit time. When Moss-Barrett's attorney asked the State to include jail credit time, the State declined, saying that the Kansas Sentencing Commission (KSC) had asked them not to include jail credit time in journal entries unless the court had revoked defendant's probation. KSC had advised the State to complete the jail-credit-time section of a probation violation journal entry only when the district court has ordered the defendant to serve the prison sentence. The State included a copy of the KSC's Desk Reference Manual that says the incarceration credit box "should only be completed if the offender is being revoked to prison."

Moss-Barrett's attorney rejected that explanation, arguing that her client could be prejudiced if the journal entry does not include jail time credit:

> "I understand you have a reference book for completing journal entries that
> advises this section is not to be completed unless the person is remanded. However, the
> journal entry, the document that the court looks to for the orders of the Court DOES NOT
> state that.
> "If either the judge, or anyone looks back through the journal entries on file with
> the court, they will look to this section for the orders as it relates to jail credit. If nothing
> is included, the awarded jail time credit is not reflected.

"Therefore, I object to the journal entry without the proper entries as to the prior jail time credit and the jail time credit the Court granted at this probation hearing."

Still, the State sent its proposed journal entry to the district court. Its cover letter attached an email from KSC's attorney encouraging the district court to use its Desk Reference Manual. The State noted that including jail credit time on journal entries when revocation has not occurred is an ongoing issue that creates the possibility of double counting:

"The sentencing commission has called us numerous times in the last year or so when we have filled out the form in the manner Ms. Jordan requests. It is not in line with their published instructions to do it the way Ms. Jordan would have us do it . . . . For further clarification, we spoke with Christopher Lyon, attorney to the Sentencing Commission. He wanted to be here [at the conference with the district court] but in the end could not be, so he sent me the attached email to show the Court. He told us that the computation unit calculates good time from ALL the journal entries in the file and we risk double credit when time is put where it does not belong."

The probation violation journal entry filed by the district court did not state any jail credit for Moss-Barrett's 60-day sanction. Moss-Barrett appeals.

*Analysis*

The right to jail credit time is statutory. *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 (2012). Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019)

Moss-Barrett argues that K.S.A. 2019 Supp. 21-6615(b) requires the district court to reflect jail credit in a probation revocation journal entry. This statute provides that, when a district court revokes probation and orders the defendant to prison, it should properly calculate the defendant's sentence date and jail credit time:

3

"In any criminal action in which probation, assignment to a conservation camp or assignment to community corrections is revoked and the defendant is sentenced to confinement, for the purpose of computing the defendant's sentence and parole eligibility and conditional release date, the defendant's sentence is to be computed from a date, hereafter to be specifically designated in the sentencing order of the journal entry of judgment. Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent in a residential facility while on probation, assignment to a conservation camp or assignment to community correctional residential services program. The commencing date of such sentence shall be used as the date of sentence and all good time allowances as are authorized by law are to be allowed on such sentence from such date as though the defendant were actually incarcerated in a correctional institution." K.S.A. 2019 Supp. 21-6615(b).

Moss-Barrett then argues that "while her probation was not revoked, the district court did sentence her to confinement. It was either 60 days or until a bed became available. Consequently, the district court was required to award her jail time she had accumulated and have that amount reflected in the journal entry."

Yet the statute does not support Moss-Barrett's conclusion. The statute contains a conjunctive, *and*, not a disjunctive, *or*: "In any criminal action in which probation . . . is revoked *and* the defendant is sentenced to confinement . . ." (Emphasis added.) K.S.A. 2019 Supp. 21-6615(b). The statute's operative language unambiguously requires both probation revocation *and* confinement. It is uncontested that although Moss-Barrett violated her probation, the district court did not revoke her probation. Instead, it ordered only a 60-day sanction in the county jail. Thus K.S.A. 2019 Supp. 21-6615(b) does not require the district court to include jail credit time in this journal entry. If the district court revokes Moss-Barrett's probation and imposes her sentence, the journal entry of revocation shall state the total number of days of jail credit awarded, including any time served as a sanction before revocation of probation.

We find no error in the district court's decision to omit from its journal entry the time Moss-Barrett spent in jail while serving an intermediate sanction for her probation violation.

Affirmed.