MODIFIED OPINION[1]

NOT DESIGNATED FOR PUBLICATION

No. 128,207

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

ALFREDO LEE PEREZ III,
*Appellant.*

MEMORANDUM OPINION

Appeal from Washington District Court; KIM W. CUDNEY, judge. Submitted without oral argument. Original opinion filed October 3, 2025. Modified opinion filed December 12, 2025. Affirmed in part, vacated in part, and remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER and ISHERWOOD, JJ.

PER CURIAM: Alfredo Lee Perez III timely appeals the district court's revocation of his probation and failure to grant him jail time credit for time spent in an inpatient drug treatment facility while on probation. After a thorough review, we find the district court did not abuse its discretion in revoking Perez' probation. But we cannot determine from

---

[1] **REPORTER'S NOTE:** Opinion No. 128,207 was modified on December 12, 2025, in response to the Appellant's Motion for Rehearing or Modification. The modified language appears at slip op. at 7-8.

1

the record on appeal whether the district court erred in failing to grant Perez jail time credit for time spent in an inpatient drug treatment facility while on probation. Therefore, we affirm in part, vacate in part, and remand with directions.

FACTUAL AND PROCEDURAL BACKGROUND

Perez pled no contest to one count of unlawful possession of methamphetamine and one count of possession of drug paraphernalia for crimes committed in January 2023. The district court found Perez guilty of both counts and sentenced Perez to 30 months' imprisonment for unlawful possession of methamphetamine and a concurrent sentence of 6 months in the county jail for possession of drug paraphernalia. Upon Perez' motion for dispositional departure, the district court granted his request, suspended his sentence, and placed him on probation for 12 months.

Perez' probation did not go as anticipated. The State, about a month after sentencing, filed its first motion to revoke probation, claiming Perez committed multiple probation violations. After hearing the evidence, the district court revoked and reinstated Perez' probation with the additional requirements he successfully complete a level two outpatient treatment program and obtain his GED.

At some point, Perez served two three-day jail sanctions imposed by his intensive supervision officer (ISO) for violating the terms of his probation by testing positive for illegal drugs. The State later filed another motion to revoke probation, asserting Perez failed to follow the recommendations from the drug and alcohol evaluation, violated the law, failed to report to his ISO, and failed to submit to a drug and alcohol test. On March 18, 2024, Perez waived a hearing on the allegation that he failed to report for drug testing on February 12, 2024, and agreed to serve another three-day sanction.

At the second revocation hearing on April 1, 2024, the State presented evidence of Perez' various probation violations. Perez testified in his defense that he had arranged to attend another inpatient treatment program and a bed was available in about a month. Perez asked the district court to consider a 60-day jail sanction and order he remain in custody until the inpatient bed was available. The State and Perez' ISO recommended Perez serve his underlying sentences despite his attempt to set up inpatient treatment again.

The district court found Perez violated the conditions of probation as he failed to complete the drug treatment plan, missed two appointments with his drug treatment counselor and an appointment with his ISO, and was arrested for criminal charges. The district court revoked Perez' probation and ordered Perez to serve his underlying prison sentence.

ANALYSIS

*Probation Revocation*

Perez argues the district court erred in revoking his probation because the State failed to present sufficient evidence to establish a probation violation Perez had not already been sanctioned for. Specifically, Perez contends the district court erred in revoking his probation because (1) the violations asserted by the State were not strict violations of his probation; (2) the State failed to prove the violations by a preponderance of the evidence; and (3) the district court had already sanctioned him for such probation violations. Perez asks us to remand to the district court with directions to reinstate his probation.

Once the district court determines the defendant violated the terms of probation, the decision to revoke probation lies in the discretion of the district court, subject to statutory limitations. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A district court abuses its discretion if its decision is based on an error of fact or law, or is arbitrary, fanciful, or unreasonable. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021).

*Perez failed to successfully complete a drug treatment program.*

Perez argues the district court erred in finding he had violated the conditions of probation by failing to complete inpatient drug and alcohol treatment and missing outpatient drug treatment appointments. Perez admits he failed to complete inpatient drug treatment but claims the district court ordered outpatient treatment and he, therefore, did not violate the conditions of probation. In his reply brief, Perez claims the State attempted to shift the burden to him to disprove the alleged probation violation.

As part of Perez' probation granted at his original sentencing, the district court ordered Perez to get a drug and alcohol evaluation and follow all recommendations. The district court explicitly stated the recommendations from the evaluation would become conditions of probation. Perez underwent the drug and alcohol evaluation through Pawnee Mental Health, and his treatment counselor recommended Perez complete either level one or level two outpatient treatment. Perez chose level two outpatient treatment because he wanted a higher level of care. Because the district court ordered Perez to undergo the evaluation and follow all recommendations, the treatment counselor's recommendation that Perez undergo level one or level two outpatient treatment became a condition of Perez' probation. Contrary to Perez' arguments in his reply brief, the State proved by a preponderance of the evidence that Perez violated the terms of his probation by failing to complete a drug treatment program.

4

Perez' argument largely comes down to his claim that he never violated the terms of his probation by failing to complete inpatient treatment because he was ordered to undergo level two outpatient treatment. But the record reflects that Perez failed to follow the district court's orders in the first place. It is apparent from the record the district court considered the bigger picture in that Perez' drug and alcohol evaluation recognized he needed to complete a drug treatment program, which he failed to do in either an outpatient program or an inpatient program. Perez made the choice to attend a higher level of care than what the district court ordered by going to inpatient instead of outpatient treatment. Perez then made the choice to leave inpatient treatment against staff advice, resulting in an unsuccessful discharge.

Perez also claims the district court "deliberately refrained" from ordering inpatient drug treatment because it was not marked as a requirement on the probation condition form attached to the amended journal entry of judgment. But the district court specifically announced from the bench that completion of a drug treatment program was a condition of his probation, which controls over the journal entry of judgment. See *State v. Edwards*, 309 Kan. 830, 835-36, 440 P.3d 557 (2019) (oral pronouncement of sentence controls over conflicting written journal entry, which creates clerical error that may be corrected at any time). The district court did not abuse its discretion in finding Perez violated the conditions of probation by failing to complete the court-ordered drug and alcohol treatment program and subsequently revoking his probation.

*The evidence was insufficient to revoke Perez' probation for committing a new crime and for missing a drug test.*

Perez contends the district court erred in revoking his probation based on conduct the State failed to prove by a preponderance of the evidence. Perez asserts the district court relied on an allegation he was arrested for criminal charges, which was not supported by evidence at the probation revocation hearing. Perez also argues the district

5

court had already given him a three-day jail sanction for missing a drug test on February 12, 2024, and it could not rely on that violation again to revoke probation.

The State admits the district court lacked a sufficient basis to revoke Perez' probation based on the alleged new crime and the already sanctioned drug test that Perez failed to appear for. But, as explained above, the district court found Perez violated the terms of his probation by failing to complete a drug treatment program as recommended by his treatment counselor. This violation on its own was sufficient to revoke probation. See K.S.A. 22-3716(c); *State v. Grossman*, 45 Kan. App. 2d 420, 428, 248 P.3d 776 (2011). We observe no abuse of its discretion when the district court revoked Perez' probation.

*Jail Credit*

Perez argues the district court erred in failing to award him jail credit for the time he spent in an inpatient drug treatment facility while on probation. Perez asks us to remand to the district court with directions to recalculate his jail credit award.

*Preservation*

Perez admits he failed to lodge an objection before the district court for failure to include jail credit for time spent in an inpatient drug treatment facility while on probation. Perez argues "his ability to object was frustrated by the [district] court's decision to award a specific amount of jail credit via journal entry, rather than from the bench during sentencing." Perez suggests the issue was preserved through his notice of appeal as he had no opportunity to object to the district court's finding and his failure to object resulted in no prejudice.

6

Perez also asserts an unpreserved issue can be raised for the first time on appeal when consideration of the claim is necessary to prevent the denial of fundamental rights or the claim involves only a question of law arising on proved or admitted facts and is determinative of the case. See *State v. Gonzalez*, 311 Kan. 281, 295, 460 P.3d 348 (2020). The State contends it is an abuse of discretion for us to consider an issue for the first time on appeal where additional factual determinations are necessary to resolve the issue. See *State v. Allen*, 314 Kan. 280, 288-89, 497 P.3d 566 (2021). The State asks us to dismiss Perez' jail credit claim.

We agree with Perez. In *State v. Ward¸* No. 125,421, 2023 WL 7404186, at *4 (Kan. App. 2023) (unpublished opinion), another panel of this court addressed an unpreserved jail credit issue on appeal to prevent the denial of the defendant's fundamental right to liberty. We exercise our discretion and address Perez' unpreserved jail credit claim for the same reason. See *State v. Rhoiney*, 314 Kan. 497, 500, 501 P.3d 368 (2021).

The right to jail credit is statutory and is a factual issue. The applicable versions of the jail credit statute, K.S.A. 21-6615(b), in effect at the time of Perez' sentence and probation revocation, explain that a probationer whose probation is revoked and is sentenced to confinement shall receive "an allowance for the time . . . spent in a residential facility while on probation . . . ." From the record before us it is difficult to determine if the inpatient treatment facility Perez entered qualified as a "residential facility" under K.S.A. 21-6615(b). We remand to the district court with instructions to determine whether the drug treatment facility qualifies as a "residential facility." We acknowledge, under *State v. Hopkins*, 295 Kan. 579, 585-86, 285 P.3d 1021 (2012), jail time credit is not limited to circumstances in which the district court ordered a treatment program *as a condition of probation*. Rather, jail time credit applies to time spent in an inpatient drug treatment program *while on probation*. 295 Kan. at 585-86. And if the district court does find the drug treatment facility qualifies as a "residential facility," it

should determine the number of days Perez was in the residential drug treatment program to calculate what jail time credit Perez should be allowed. See *State v. Taylor*, 27 Kan. App. 2d 539, 542-43, 6 P.3d 441 (2000).

Affirmed in part, vacated in part, and remanded with directions.