NOT DESIGNATED FOR PUBLICATION

No. 128,760

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ELI EDWARD GIBSON IV,
*Appellant*.

MEMORANDUM OPINION

Appeal from Bourbon District Court; MARK ALAN WARD, judge. Submitted without oral argument. Opinion filed June 26, 2026. Sentence vacated and case remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before PICKERING, P.J., ISHERWOOD, J., and ANDREW M. STEIN, District Judge, assigned.

PER CURIAM:  Eli Edward Gibson IV appeals from the district court's calculation of his jail time credit, claiming the district court erred by not including the time he was imprisoned in Arkansas in his jail time credit calculation. After review, we find the district court's blanket denial of dual credit was erroneous. We therefore vacate Gibson's sentence and remand the case to the district court for resentencing.

1

FACTUAL AND PROCEDURAL BACKGROUND

The facts giving rise to Gibson's conviction are not in dispute nor relevant to this appeal. In January 2023, Gibson pled no contest to and was convicted of one count of unlawful possession of a controlled substance, a severity level 5 drug felony. At the time of sentencing, Gibson was also on probation in a case from Crawford County. Gibson moved for a downward dispositional departure to probation, and the State joined in the recommendation. The district court sentenced Gibson to an underlying prison sentence of 40 months, to run consecutive to the underlying prison sentence in his Crawford County case, and granted Gibson a departure to probation. Probation supervision was transferred to Springfield, Missouri, where Gibson resided.

On December 21, 2023, the State moved to revoke Gibson's probation, alleging various violations of probation conditions. The district court issued a warrant for Gibson's arrest that day. Gibson was not arrested on this warrant until November 19, 2024.

On December 6, 2024, the district court held a probation revocation hearing. Gibson stipulated to violating probation conditions. Gibson testified that, while the Kansas warrant was outstanding, he was incarcerated in Desha County, Arkansas, beginning in mid-January 2024, for six months, in relation to probation revocation proceedings from a 2017 conviction.

The district court revoked Gibson's probation and imposed a modified prison sentence of 24 months. Gibson's attorney requested an award of jail time credit for the time Gibson spent incarcerated in Arkansas, noting a beginning date of January 11, 2024. The district court stated:

"The case law though has indicated, since that case came out, you don't get a dual credit. The State will need to make that determination. If he was being held in Arkansas on an

Arkansas case, and then they get my warrant, so they are holding him also on my warrant, he doesn't get a dual credit out of that."

The journal entry of judgment did not include Gibson's Arkansas incarceration in the court's jail time credit calculation.

Gibson appealed.

ANALYSIS

*Standard of Review*

"The right to jail time credit is statutory." *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 (2012). Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024).

*Discussion*

Gibson committed the crime of conviction on July 21, 2020. Therefore, the applicable jail time credit statute is K.S.A. 2020 Supp. 21-6615. See *State v. Mitchell*, 66 Kan. App. 2d 196, 206-08 (2025).

Gibson argues that, under both *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023), and *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025), he should be awarded jail time credit for the time he spent incarcerated in Arkansas.

The State counters with two arguments. First, the State contends that when a defendant's probation is revoked, K.S.A. 21-6615(b), and not K.S.A. 21-6615(a), controls the calculation of a defendant's sentence. Second, the State argues that even if subsection

(a) applies here, Gibson is not entitled to jail time credit for the time he spent incarcerated in Arkansas because that time was not connected to the disposition of this case.

A.    *K.S.A. 2020 Supp. 21-6615 requires that Gibson receive jail time credit for all time he spent incarcerated pending the disposition of his case.*

Courts consider various provisions of a statute *in pari materia* to reconcile and bring the provisions into workable harmony, if possible. *State v. Strong*, 317 Kan 197, 203, 527 P.3d 548 (2023).

K.S.A. 2020 Supp. 21-6615, reads, in relevant part, as follows:

"(a) In any criminal action in which the defendant is convicted, the judge, if the judge sentences the defendant to confinement, shall direct that for the purpose of computing defendant's sentence and parole eligibility and conditional release dates thereunder, that such sentence is to be computed from a date, to be specifically designated by the court in the sentencing order of the journal entry of judgment. *Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case. . . .*

"(b) In any criminal action in which probation, assignment to a conservation camp or assignment to community corrections is revoked and the defendant is sentenced to confinement, for the purpose of computing the defendant's sentence and parole eligibility and conditional release date, the defendant's sentence is to be computed from a date, hereafter to be specifically designated in the sentencing order of the journal entry of judgment. *Such date shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent in a residential facility while on probation, assignment to a conservation camp or assignment to community correctional residential services program. . . . .*" (Emphases added.)

The State argues that the date from which Gibson's sentence is computed is determined solely under K.S.A. 2020 Supp. 21-6615(b) and that subsection (a) does not apply because the district court revoked Gibson's probation and sentenced him to confinement. Under this interpretation, Gibson is entitled only to credit for time spent in a residential facility and not entitled to any credit for time spent incarcerated.

The State misreads the plain statutory language. K.S.A. 2020 Supp. 21-6615(a) applies to *any* criminal action in which the defendant is convicted and the judge sentences the defendant to confinement. No language in the statute renders subsection (a) inapplicable by an intervening award of probation. So long as the defendant is convicted and ultimately sentenced to confinement, subsection (a) is triggered, and the judge must allow for the time the defendant spent incarcerated pending the disposition of the case.

K.S.A. 2020 Supp. 21-6615(b) does not limit the application of subsection (a) but mandates that defendants sentenced to confinement following probation revocation receive credit for time spent in a residential facility in addition to time spent incarcerated pending the disposition of the case. Indeed, any defendant on probation has necessarily been convicted but not sentenced to confinement. In such instances, this means that K.S.A. 2020 Supp. 21-6615(a) will not apply until the judge revokes probation and sentences the defendant to confinement. By operation of the statute, no jail time credit calculation or award occurs until then. See *State v. Moss-Barrett*, No. 122,360, 2021 WL 401955, at *2 (Kan. App. 2021) (unpublished opinion).

We reject the State's argument that K.S.A. 2020 Supp. 21-6615(b) operates to deny Gibson credit for time spent incarcerated pending the disposition of his case.

5

B.     *Gibson is entitled to jail time credit for any time he spent incarcerated in Arkansas while being held on the Kansas warrant and awaiting disposition of the Arkansas probation revocation proceedings.*

While this appeal has been pending, both our Supreme Court and this court have issued decisions interpreting the law relating to jail time credit. See, e.g., *Ervin*, 320 Kan. 287; *State v. Hill*, 66 Kan. App. 2d 177, 577 P.3d 670 (2025), *rev. granted* 321 Kan. 792 (2026); *State v. Martin*, 66 Kan. App. 2d 173, 577 P.3d 667 (2025), *rev. granted* 321 Kan. 793 (2026). These cases apply here. See *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 3, 298 P.3d 349 (2013).

Gibson relies on *Hopkins*, 317 Kan. 652, and *Ervin*, in support of his request for jail time credit for time he spent incarcerated in Arkansas. In *Hopkins*, the district court denied Hopkins jail time credit because he had two other cases pending during his case's disposition. The Supreme Court held that, under K.S.A. 2022 Supp. 21-6615(a) (which is the same as K.S.A. 2020 Supp. 21-6615[a]), a defendant is entitled to jail time credit for time spent incarcerated pending the disposition of the case, even if he or she is being held on multiple cases. *Hopkins*, 317 Kan. at 659. And in *Ervin*, the Supreme Court held that a defendant is entitled to jail time credit "regardless of whether he [or she] received an allowance for some or all that time against a sentence in another case." 320 Kan. at 311-12.

The State counters that Gibson is not entitled to jail time credit for the time he spent incarcerated in Arkansas because that time was not connected to the disposition of this case. In support of this assertion, the State cites *Hill* and *Martin*.

In *Hill*, the defendant was released on bond while his case was pending, and he remained on bond until sentencing. While on bond and awaiting sentencing, Hill was incarcerated in another county on an unrelated case. Hill sought jail time credit for the

time he spent incarcerated in the unrelated case. In affirming the district court's denial of jail time credit, the *Hill* panel found it significant that Hill's bond was never revoked. The panel determined that "in order to receive jail time credit, the incarceration must be tied to the case in which the defendant is seeking to receive credit." 66 Kan. App. 2d at 180.

In *Martin*, the defendant committed new crimes while serving sentences for unrelated cases. He requested that the district court award him jail time credit for the time he spent incarcerated while his new case was pending. The district court denied his request. On appeal, the panel held that, under K.S.A. 2019 Supp. 21-6615(a), to receive jail time credit, a defendant's "incarceration must be connected to the case in which the defendant is seeking to receive credit." *Martin*, 66 Kan. App. 2d at 176. The panel distinguished *Ervin*, where the defendant "was being held in jail on two separate criminal cases while awaiting disposition of the case that was the subject of his appeal." *Martin*, 66 Kan. App. 2d at 176. The panel held that Martin was not entitled to jail time credit because he was not jailed pending disposition of his case; he was jailed because of his prior convictions. 66 Kan. App. 2d at 176.

The State directs us to the fact that Gibson was not arrested on the warrant in this case until November 19, 2024. Analogizing Gibson's unexecuted warrant to the defendant's bond in *Hill*, the State asserts that, because Gibson was not arrested on the warrant until after he was released from Arkansas, Gibson's Arkansas incarceration was not connected to the disposition of this case. Therefore, he is not entitled to any credit for the time he spent incarcerated in Arkansas.

However, neither the time of the warrant's execution, nor Gibson's release from Arkansas custody, are dispositive. For example, the Uniform Criminal Extradition Act—K.S.A. 22-2701 et seq., adopted by Kansas, and Ark. Code Ann. § 16-94-201 et seq., adopted by Arkansas—contemplates and allows for the commitment of a defendant on an out-of-state warrant pending its execution and the defendant's subsequent release. See

7

K.S.A. 22-2715; K.S.A. 22-2717; Ark. Code Ann. § 16-94-215; Ark. Code Ann. § 16-94-217. Rather, the crucial fact is when, if ever, Arkansas became aware of and held Gibson on the outstanding Kansas warrant. The record is silent on this point. The district court acknowledged this factual omission during the probation revocation hearing. But because the district court ruled that Gibson was not entitled to dual credit in any event, it did not resolve the question.

*Martin* also plays a role in limiting the available jail time credit in this case. From the record, we know that Gibson's Arkansas probation was ultimately revoked and he served his sentence. Just as Martin was not entitled to jail time credit for the time he spent serving sentences in other cases, Gibson is not entitled to jail time credit for any time he was incarcerated in Arkansas following imposition of his sentence there. The date Arkansas imposed the underlying prison sentence is not in the record and is necessary information to calculate jail time credit.

In conclusion, the district court's denial of "dual credit" oversimplifies the situation and is therefore error. Gibson is entitled to jail time credit regardless of whether he received an allowance for some or all that time against a sentence in another case. However, Gibson is only entitled to credit for time that Arkansas actually held him on the Kansas warrant before Arkansas imposed the sentence. We vacate Gibson's sentence and remand to the district court for resentencing. The district court shall make the necessary factual findings and award Gibson jail time credit in accordance with this opinion.

Sentence vacated and case remanded with directions.